[Crim. No. 6524.    First Dist., Div. Three.    Feb. 28, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. PATRICIA M. SCOTT, Defendant and Appellant.

Joseph L. Bortin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Lawrence R. Mansir, Deputy Attorneys General, for Plaintiff and Respondent.

BROWN (H. C.), J.—This is an appeal from a judgment of conviction after trial by jury on two counts of burglary and two prior felony convictions. The facts are not disputed.

The evidence disclosed that the appellant was arrested after making purchases of clothing at the Dorca Sportswear Shop and the Kaldor Knit Shop in Berkeley. Each purchase was under $50 and was made with a Bank of America credit card which had been stolen from Bertha Davis to whom it had been issued. Appellant, without the authorization of Bertha Davis, used the card and signed Bertha Davis' name on the sales slips. The purchases with the credit card were conceded by appellant, but she offered the excuse that a friend (not Bertha Davis) had given the card to her with directions to use it. The friend did not appear at the trial.

Appellant was charged in three counts of felony: Count one, a violation of section 484a, subdivision (b)(6) of the Penal Code, involving misuse of a credit card. Count two, burglary, for entry of Dorca Sportswear "with intent to commit theft." Count three, burglary, for entry of Kaldor's Knit Shop "with intent to commit theft." She was also charged with three prior felony convictions.

Appellant pleaded not guilty to the credit card violation and burglary charges. She admitted one prior felony conviction but denied the other two prior felony charges and maintained that the records disclose that the offenses were in fact misdemeanors. (Since the taking of this appeal it has been established that the so-called felonies were, in fact, misdemeanors.) The jury found appellant guilty of the credit card and burglary charges and also found that appellant was guilty of the two alleged prior felonies.

The court, on its own motion at the time of sentencing, dismissed count one (credit card violation) and sentenced appellant to one year in the county jail as condition to probation on each burglary count; the sentences to run concurrently.

Although appellant alleges numerous errors, the principal question is: Was the appellant subject to prosecution under the burglary statute, section 459 of the Penal Code, where the acts complained of constitute offenses specifi-

cally prohibited under the credit card statute (Pen. Code, § 484a, subd. (b)(6)).

■ Generally where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. Where the special statute is later, it will be regarded as an exception to or qualification of the prior general one. (*In re Williamson*, 43 Cal.2d 651 [276 P.2d 593].)

■ Penal Code section 484a, subdivision (b)(6),* effective at the time of appellant's wrongful use of the credit card, provided in part as follows: "(b) Any person who: . . . (6) Knowingly uses or attempts to use for the purposes of obtaining goods, property, services or anything of value, a credit card which was obtained, or is held by the user, under circumstances which would constitute a crime under paragraphs (1), (2) or (3) of this subdivision, is also guilty of a misdemeanor if the total amount of goods, property or services or other things of value so obtained by such person does not exceed fifty dollars ($50), or is also guilty of a felony, if the total amount of goods, property or services or other things of value so obtained by such person exceeds fifty dollars ($50)."

The court in *People v. Swann*, 213 Cal.App.2d 447, 449 [28 Cal.Rptr. 830] said: "We believe the People do not have the power to prosecute under the general felony statute in a case such as this where the facts of the alleged offense parallel the acts proscribed by a specific statute. . . ." And at page 451 the court said: "It seems clear that the Legislature by enactment of section 484a evidenced an intent to state the penal law with respect to misuse of credit cards and to provide appropriate penalties for varying degrees of such offenses. Formerly, criminal laws governing credit card offenses came

---

*Section 484a, subdivision (b)(6) of the Penal Code has been repealed and replaced by section 484g which provides: "Every person, who with intent to defraud, (a) uses for the purpose of obtaining money, goods, services or anything else of value a credit card obtained or retained in violation of Section 484e or a credit card which he knows is forged, expired or revoked, or (b) obtains money, goods, services or anything else of value by representing without the consent of the cardholder that he is the holder of a credit card or by representing that he is the holder of a credit card and such card has not in fact been issued, is guilty of theft. If the value of all money, goods, services and other things of value obtained in violation of this section exceeds two hundred dollars ($200) in any consecutive six-month period, then the same shall constitute grand theft."

under various sections of the Penal Code, e.g., section 484 (theft), section 470 (forgery) and section, 485 (lost property)." (See also *In re Joiner*, 180 Cal.App.2d 250 [4 Cal. Rptr. 667] ; *People* v. *Wood*, 161 Cal.App.2d 24 [325 P.2d 1014] ; *County of Placer* v. *Aetna Cas. etc. Co.*, 50 Cal.2d 182, 189 [323 P.2d 753] ; *Rose* v. *State of California*, 19 Cal.2d 713 [123 P.2d 505] ; *People* v. *Silk*, 138 Cal.App.2d Supp. 899 [291 P.2d 1013].)

Similarly, in *People* v. *Ali*, 66 Cal.2d 277 [57 Cal.Rptr. 348, 424 P.2d 932] (a case involving an attempt to use a state credit card), it was held that it is a crime under section 484a, subdivision (b)(6) of the Penal Code for an unauthorized holder of a credit card to use the card for the purpose of obtaining goods of a value over $50 by signing an invoice therefor with a false name, when prior to the delivery of the goods the fraudulent intent of the user is discovered. The court said: "Section 484a of the Penal Code was clearly intended to codify into one section all credit card offenses formerly prosecuted under various sections of the Penal Code; and, as a result of its enactment, a person charged with an offense involving a credit card may not be prosecuted therefor under the general statutes. [Citation.]" (P. 273.)

In the *Swann* and *Ali* cases, the defendants were not charged with burglary. Both cases, however, clearly found a legislative intent to codify into one section all credit card offenses formerly prosecuted under various sections of the Penal Code. The language of the credit card statute indicates that the Legislature intended to punish as felonies only (a) forgery of credit cards, (b) actual uses (for more than $50), and (c) *attempts to use* (for more than $50) unlawfully held credit cards. (Pen. Code, §§ 484a, subd. (b)(5), 484a, subd. (b)(6).) The other Penal Code sections relating to credit cards, 484a, subdivision (b) (1), (2), (3), and (4) treat the wrongful acts therein described as misdemeanors. The Legislature having defined those credit card offenses which it considers as serious enough to be classified as felonies, it would reasonably follow that the Legislature did not intend to allow felony burglary prosecutions for credit card offenses which might technically also come within the definition of the burglary statute (Pen. Code, § 459) but which are punishable under the credit card statute as misdemeanors.

The facts of the instant case come within the acts proscribed by Penal Code section 484a, subdivision (b)(6) which deal specifically with the credit card offense alleged in this

case. The People, therefore, are precluded from electing to prosecute under the general burglary statute (Pen. Code, § 459) even though the facts technically also come within the provision of that section.

Appellant's other specifications of error need not now be considered. The judgment of conviction is reversed.

Draper, P. J., and Salsman, J., concurred.