509 P.2d 1317

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Fred Arlin BOYENGER, Defendant-Appellant.**

No. 11021.

Supreme Court of Idaho.

May 9, 1973.

**398**

Herman E. Bedke, Burley, for defendant-appellant.

W. Anthony Park, Atty. Gen., J. Dennis (J. D.) Williams, Asst. Atty. Gen., Boise, Gordon S. Nielson, Pros. Atty., Cassia County, Burley, for plaintiff-respondent.

BAKES, Justice.

On June 7, 1971, an information was filed charging appellant, Fred A. Boyenger, with the felony charge of false and fraudulent use of a credit card in violation of I.C. § 18–3113,[1] and being a persistent violator of the law. Part I of the information in one count charged Boyenger with the false and fraudulent use of a credit card on two separate occasions in violation of I.C. § 18–3119,[2] which makes two or more separate transactions within six months a felony when the aggregate amount of goods obtained exceeds $60.00. Part II of the information alleged that appellant had, on two earlier occasions, been convicted of felonies and charged him with being a persistent violator of the law.

Appellant was tried on June 29, 1971. The Master Charge credit card that appellant allegedly used belonged to one Gary D. Enzminger of Meridian, Idaho, who testified that his credit card had been stolen from his home in December of 1970. The owner of a ladies clothing store in Burley, Idaho, testified that on January 4, 1971, appellant purchased merchandise totaling $57.68 with the credit card in question and a sales lady at another store in Burley testified that on January 4, 1971, Boyenger purchased merchandise valued at $36.03 with the Master Charge card in question, in both instances representing himself to be Gary Enzminger. The jury returned a verdict of guilty to the charge of false and fraudulent use of a credit card. The *same jury* was then read Part II of the information and appellant was tried on the persistent violator charge. On June 30, 1971, the same jury that found appellant guilty of false and fraudulent use of a credit card returned their verdict that the defendant is a persistent violator of the law. On July 19, 1971, following a presentence investigation, Boyenger was sentenced by commitment to the State Board of Corrections for a term not to exceed ten years.

The first assignment of error alleges that the trial court erred in refusing to give appellant's requested jury instruction

1. "*18–3113. False or fraudulent use of credit cards to obtain goods or service unlawful.*—It shall be unlawful for any person knowingly to obtain or attempt to obtain credit, or to purchase or attempt to purchase any goods, property or service, by the use of any false, fictitious, counterfeit or expired credit card, telephone number, credit number or other credit device, or by the use of any credit card, telephone number, credit number or other credit device of another without the authority of the person to whom such card, number or device was issued, or by the use of any credit card, telephone number, credit number or other credit device in any case where such card, number or device has been revoked and notice of revocation has been given to the person to whom issued."

2. "*18–3119. Violation misdemeanor or felony.*—Any person who violates any provision of §§ 18–3113—18–3116 shall be guilty of a misdemeanor, punishable as provided by law therefor; provided, however, that if the value of the goods or services obtained through a violation of the provisions of §§ 18–3113, 18–3114 of this act amounts to the sum of $60.00 or more, or if the value of the goods or services obtained through a series of violations of §§ 18–3113, 18–3114 committed within a period not exceeding six (6) months amounts in the aggregate to the sum of $60.00 or more, any such violation or violations shall constitute a felony and shall be punishable as provided by law therefor."

#1. The requested instruction reads as follows:

"You are instructed that the offense charged in the information filed herein is a felony being a violation of 18–3113 and 18–3119, Idaho Code. You are further instructed that I am required by law to instruct you as to a lesser included offense and that if you do not believe the defendant guilty of the offense charged in the information you may find him guilty of the lesser included offense of violation of 18–3002 Idaho Code which in this case is a misdemeanor since the value of the property allegedly obtained is less than $150.00." (Clerk's Tr. p. 19).

The statute which appellant contends constituted the lesser included offense reads as follows:

"18–3002. *Receiving money or property under false personation.*—Every person who falsely personates another, and in such assumed character receives any money or property knowing that it is intended to be delivered to the individual so personated, with intent to convert the same to his own use, or that of another person, or to deprive the owner thereof, is punishable in the same manner and to the same extent as for larceny of the money or property so received."

Regarding included offenses, I.C. § 19–2312 reads as follows:

"19–2312. *Conviction of included offense.*—The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

The decisions of this Court regarding the duty of a trial court to instruct on all matters of law necessary for their information, including included offenses under I.C. § 19–2132, have been conflicting. Prior to State v. Gonzales, 92 Idaho 152, 438 P.2d 897 (1968), the decisions generally held that if a defendant desired other instructions than those given by the court, he must request them or no error can be predicated thereon.[3] In the *Gonzales* case the defendant had requested an instruction that was an incorrect statement of the law. This Court stated at page 156, 438 P.2d at page 901:

"The request was properly refused. Nevertheless the court had a duty to instruct the jury on all matters of law necessary for their information, I.C. § 19–2132, and the defendant was entitled to have his theory of the case submitted to the jury upon *proper* instructions." 92 Idaho at 156, 438 P.2d at 901.

The *Gonzales* case did not mention any of the prior cases mentioned in footnote number 3 above, but nevertheless reversed the conviction. However, after *Gonzales* three cases have been decided which appear to retrench to the decisions of this Court set out in footnote number 3 above.[4]

■ In an effort to reconcile these often conflicting opinions regarding jury instructions concerning lesser included offenses, and recognizing that a defendant as a trial tactic may not desire any instructions regarding lesser included offenses, we are of the view that in the first instance the burden is upon the defendant to request the court to instruct on lesser included offenses. After such a request, whether it is in the form of a proposed instruction or instructions, which may or may not correctly state the law, or merely an oral or written request as disclosed by the record directed to the trial court to in-

3. See the following cases which followed this rule to varying degrees: State v. Anderson, 82 Idaho 293, 352 P.2d 972 (1960); State v. Clokey, 83 Idaho 322, 364 P.2d 159 (1961); State v. Scott, 72 Idaho 202, 239 P.2d 258 (1951); State v. Dunn, 44 Idaho 636, 258 P. 553 (1927);

State v. White, 7 Idaho 150, 61 P. 517 (1900).

4. See State v. Mathewson, 93 Idaho 769, 472 P.2d 638 (1970); State v. Wozniak, 94 Idaho 312, 486 P.2d 1025 (1971); State v. Beason, 95 Idaho 267, 506 P.2d 1340 (1973).

struct on included offenses, the trial court then has a duty to instruct the jury upon all lesser included offenses which the facts and the pleadings of the particular case justify.

Applying the foregoing principles to this case, the first issue presented is whether or not the crime of receiving money or property under false personation, I.C. § 18–3002, is an included offense in the crime of false and fraudulent use of a credit card, I.C. § 18–3113, § 18–3119. If the answer is yes, then the trial court, under the doctrine of the *Gonzales* case, committed reversible error in its refusal to so instruct the jury.

The resolution of this issue must start with an examination of our earlier cases on this subject. In State v. Hall, 86 Idaho 63, 383 P.2d 602 (1963), included offenses were defined as follows:

> "An 'included offense' is one which is necessarily committed in the commission of another offense; or one, the essential elements of which are, charged in the information as the manner or means by which the offense was committed. (Omitting citations)." 86 Idaho at 69, 383 P.2d at 605.

In State v. Petty, 73 Idaho 136, 248 P.2d 218 (1952), this Court said:

> " ' . . . [W]here an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.' " 73 Idaho at 138, 248 P.2d at 219.

Regarding included offenses, this Court, in State v. Pruett, 91 Idaho 537, 543, 428 P.2d 43, 49 (1967), in a footnote, said:

> "This court has not followed the strict rule that an included offense is one that is necessarily included in the statutory definition of a higher crime; but in effect has held that an offense is an included offense if it is alleged in the information (complaint) as a means or element of the commission of the higher offense." 91 Idaho at 543, 428 P.2d at 49.

The critical language in I.C. § 19–2312 requiring instruction on included offenses reads "necessarily included in that with which he is charged in the indictment." In arriving at a conclusion of whether or not another crime is "necessarily included" the question is, should the court look merely at the crime with which the defendant is "charged in the indictment," or should the court also look at the facts elicited at the trial? The resolution of this issue is critical in this case because while the crime of false and fraudulent use of a credit card under I.C. § 18–3113 does not necessarily require a false personation in order for the crime to be committed, in the facts of the present case the use of the credit card without the authority of the person to whom such card was issued, as proscribed by I.C. § 18–3113, was accomplished by falsely personating and assuming the character of the owner of the credit card, Gary Enzminger. Stated another way, whereas all instances of false and fraudulent use of credit cards to obtain goods or services prohibited by I.C. § 18–3113 do not require a false personation prohibited by I.C. § 18–3002, in the facts of the present case the false and fraudulent use of the credit card was accomplished by such a false personation.

■ We are of the view that courts cannot look merely to the crime as charged in the information to make the determination of whether or not another offense is "necessarily included" within that charged, but must also look at the evidence adduced at the trial. In Wharton's Criminal Law & Procedure, the author states:

> "When *on the evidence* the accused might be convicted in a lesser degree of the offense charged or of an included offense it is the duty of the court in its instructions to embrace all the degrees of the particular offense and all included offenses *to which the evidence is applicable*." 5 Wharton's Criminal Law & Procedure 268 (1957). (Emphasis added).

In a recent decision, People v. St. Martin, 1 Cal.3d 524, 83 Cal.Rptr. 166, 463 P.2d 390 (1970), the California Supreme Court said:

> "The first such question presented is whether the court should instruct upon necessarily included offenses. The general rule is that a defendant is entitled upon request to instructions on necessarily included offenses *which the evidence tends to prove.* (Omitting citations) . . . The requirement of instructions on lesser included offenses is based on the elementary principle that the court should instruct the jury on every material question." 463 P.2d at 394.

The earlier quotation in this opinion from our own case of State v. Hall, *supra,* indicates that either the facts of the crime as committed, or the charge as contained in the information may be considered in determining whether or not the lesser offense is "necessarily included." This is further evidenced by our opinion in State v. Elsen, 68 Idaho 50, 187 P.2d 976 (1947), wherein the Court stated regarding refusal to give an instruction:

> "[W]e are nevertheless committed to the rule that it is not error to refuse to instruct the jury that a defendant may be found guilty of a lesser offense *when there is no evidence that would reduce the crime charged to such lesser offense.* (Omitting citations). It is therefore only where the evidence permits, that the trial court should instruct a jury with respect to offenses included in the charged offense and with respect to attempts." 68 Idaho at 56–57, 187 P.2d at 979. (Emphasis supplied).

■ The elements of the crime of receiving money or property under false personation, I.C. § 18–3002, are: (1) false personation of another; (2) to obtain money or property; (3) with intent to convert the same. Each of those elements are present in the facts of this case, and therefore the court should have instructed upon the lesser included misdemeanor of receiving money or property under false personation. State v. Gonzales, *supra.*

■ In arriving at this conclusion we have considered the doctrine which prevailed in California for a short time holding that by enactment of a specific statute dealing with credit cards that all other sections of the criminal law which would otherwise apply to those transactions were impliedly repealed. *See* People v. Ali, 66 Cal.2d 277, 57 Cal.Rptr. 348, 424 P.2d 932 (1967); People v. Swann, 213 Cal.App.2d 447, 28 Cal.Rptr. 830 (1963); People v. Scott, 259 Cal.App.2d 589, 66 Cal.Rptr. 432 (1968). However, the result of such a doctrine could, in the long run, have far more adverse results on the criminal justice system than the retrial of the defendant in this case, and for that reason it has been rejected by numerous other states. McDuffy v. State, 6 Md.App. 537, 252 A. 2d 270 (1969); McCrory v. Mississippi, 210 So.2d 877 (Miss.1968); Shriver v. Graham, Okl.Cr., 366 P.2d 774 (1961); State v. Pearson, 250 Or. 54, 440 P.2d 229 (1968); State v. Dumont, 3 Or.App. 189, 471 P.2d 847 (1970); Vannerson v. State, 403 S.W.2d 791 (Tex.Cr.App.1960); Hutchins v. State, 483 P.2d 519 (Wyo. 1971). In 1967, the California Legislature rejected that line of authority by specifically amending its credit card statute by adding the following:

> "Sec. 8. This act shall not be construed to preclude the applicability of any other provision of the criminal law of this state which presently applies or may in the future apply to any transaction which violates this act." Section 8, Chapter 1395, 1967 Statutes of Calif.

*See* People v. Neder, 16 Cal.App.3d 846, 94 Cal.Rptr. 364 (1971); People v. Cobb, 15 Cal.App.3d 1, 93 Cal.Rptr. 152 (1971); People v. Liberto, 274 Cal.App.2d 460, 79 Cal.Rptr. 306 (1969). We feel it would be unwise to approve the discredited doctrine of People v. Ali, *supra,* as cited above.

This case reflects the dilemma in which prosecutors, defense attorneys and trial

judges find themselves as a result of the continued enactment of new criminal legislation without regard to the amendment or repeal of existing conflicting legislation. The line of demarcation which divides misdemeanors from felonies under the credit card statute is $60. However, the false personation statute adopts by reference the dollar amount division of the larceny statute which is $150. Thus, in this case, the $93.71 which the defendant is accused of obtaining by use of another's credit card is a felony under the credit card statute and a misdemeanor under the false personation statute. The continued enactment of overlapping criminal legislation with varying dollar amounts, like too many layers of old wallpaper, makes the task of the artisans of the law extremely difficult and results in situations such as confront the Court in this case. Reluctantly we must reverse this conviction and remand for a new trial.

■ Since this case must be retried, there are other issues raised by the defendant-appellant's assignment of errors which must be considered. I.C. § 1–205. Appellant's second assignment of error alleges that the trial court erred in failing to instruct the jury that it could return a verdict of guilty to one of the alleged acts in the information and not guilty to the other alleged act in the information. The assignment misconstrues the nature of the charge contained in the information. The information did not charge two separate misdemeanor crimes. It charged one felony under I.C. § 18–3119, that of fraudulently obtaining credit or goods by the use of a credit card in two separate transactions within six months for an amount in excess of $60.00 without authority from the owner of the card. The information charged but one felony. However, the trial court did instruct the jury in instruction number 23 that, "If you find from the evidence beyond a reasonable doubt that the defendant did violate § 18–3113 heretofore read to you, but that there was only one violation, or the value of the goods was less than $60.00, then you should find the defendant guilty of the misdemeanor." We believe that the jury was adequately

advised that if they believed that the defendant was guilty of one of the two alleged acts of using the credit card, or that the total value of the goods was less than $60.00, then he should have been convicted only of the misdemeanor. There is no merit to appellant's second assignment of error.

■ Appellant's third assignment of error which alleges, in effect, that the information was legally insufficient because it did not charge him in separate counts is also without merit. Appellant, by the use of a credit card on two occasions within a six month period, falsely and fraudulently obtained goods totaling more than $60.00. Appellant was charged with a felony under I.C. § 18–3119, which provides that falsely and fraudulently obtaining goods amounting to $60.00 or more, or goods obtained through a series of violations of I.C. § 18–3113 amounting to a total of $60.00 or more within a six month period shall constitute a felony. Even though the acts in the case at bar are two separate transactions, nevertheless when taken together they constitute a felony because more than $60.00 in goods was obtained by the false and fraudulent use of a credit card, and it was not error to join the two acts in one count charging the commission of a felony.

■ This Court in State v. McKeehan, 91 Idaho 808, 430 P.2d 886 (1967), reviewed the requirements of a criminal information and held:

"Our statute, and several recent cases, require that a criminal information properly inform an accused of the exact nature of the charge against him, so that (1) the accused has the means to prepare a proper defense, and (2) he can protect himself against subsequent prosecution based on the commission of the same acts. (Omitting citations). The pertinent statutory provisions are found in I. C. §§ 19–1409 to 19–1411, 19–1418 to 19–1420 inclusive, made applicable to criminal informations by virtue of I.C. § 19–1303. (Omitting citations).

"Therefrom it appears that the criminal information must contain '[a] statement

of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended' and must be direct and certain as it regards '[t]he particular circumstances of the offense charged, when they are necessary to constitute a complete offense.' I.C. §§ 19–1409, 19–1411." 91 Idaho at 814–815, 430 P.2d at 892.

The information filed in the case at bar charged appellant with false and fraudulent use of a credit card in clear and concise language, and enabled appellant to adequately prepare a defense. Where the two transctions taken together constitute one felony as prescribed by the legislature in I.C. § 18–3119, there is no reason why both acts comprising a single crime cannot be charged in the same count of the information.

 Without specifying in what regard I.C. § 18–3119 is unconstitutional, appellant alleges in his fourth assignment of error that the provisions of the statute, which provide that two separate misdemeanors committed within six months of each other constitute a felony, are unconstitutional. At this point we should point out that it is not the commission of two misdemeanors or the fact that a credit card has been falsely presented more than once that makes it a felony, but that $60.00 or more in goods was obtained by false and fraudulent use of a credit card by one or more transactions within a six month period. With this in mind we are of the opinion that the distinction between felony and misdemeanor based on value of goods obtained is a rational distinction based on the police power of the state and therefore is not a violation of equal protection of the laws. I.C. § 18–3119 is intended to protect the public from persons fraudulently obtaining goods by the unauthorized use of credit cards. Although regulations which

are arbitrary or capricious and which unreasonably restrict or interfere with the liberties of the citizen, without accomplishing or promoting a legitimate object of the police power, are invalid, it is universally recognized that the enactment of statutes having for their object the prevention of fraud and deceit is within the police power of the state. Messerli v. Monarch Memory Gardens, Inc., 88 Idaho 88, 397 P.2d 34 (1964). I.C. § 18–3119 was enacted to protect the people of Idaho from fraud and deceit by the use of credit cards and is clearly within the police power of the state. State v. Dolan, 13 Idaho 693, 92 P. 995 (1907). The statute providing that obtaining more than $60.00 by the fraudulent use of a credit card constitutes a felony even though obtained in more than one transaction, has a rational basis and therefore does not deprive appellant of any constitutional rights.

 In his fifth assignment of error appellant claims that prejudicial error was committed by permitting the same jury that found him guilty of false and fraudulent use of a credit card to decide the persistent violator charge. Such a contention is without merit. In State v. Johnson, 86 Idaho 51, 383 P.2d 326 (1963), this Court cited State v. Ferrone, 96 Conn. 160, 113 A. 452 (1921), and State v. Stewart, 110 Utah 203, 171 P.2d 383 (1946), and adopted the procedures to be followed in persistent violator cases. From a review of the record it does not appear that the trial court deviated from the procedure established in State v. Johnson, *supra.*[5]

Appellant's last assignment of error, that the evidence does not support the verdict and judgment, is equally without merit.

Judgment reversed and cause remanded.

DONALDSON, C. J., and SHEPARD, McQUADE and McFADDEN, JJ., concur.

---

5. See the dissenting opinion of former Chief Justice Earl Warren in Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), citing State v. Johnson, *supra,* and describing Idaho as one of 31 states which have adopted recidivist procedures which postpone the introduction of prior convictions until after the jury has found the defendant guilty of the crime currently charged.