944 P.2d 119

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Gregory Ryan CURTIS, Defendant–Respondent,**

No. 23565.

*Supreme Court of Idaho,*
Caldwell, April 1997 Term.

July 21, 1997.

Rehearing Denied Oct. 6, 1997.

Alan G. Lance, Attorney General; Michael A. Henderson (argued), Deputy Attorney General, for Plaintiff–Appellant.

Arthur M. Bistline, Coeur d'Alene, for Defendant–Respondent.

## ON REVIEW

McDEVITT, Justice.

The respondent, Gregory Ryan Curtis (Curtis), was convicted of one count of misde-

meanor driving while under the influence pursuant to I.C. § 18–8004. Curtis argues on review that the magistrate judge committed reversible error by failing to instruct the jury on the offense of inattentive driving.

## I.

### FACTS AND PRIOR PROCEEDINGS

On March 19, 1993, at around 11:00 p.m., the respondent Gregory R. Curtis (Curtis) was arrested and charged with violating I.C. §§ 18–8004, driving while under the influence, and 18–8001, driving a vehicle without privileges. Curtis plead not guilty to both charges.[1]

A jury trial was held on September 8, 1993. The jury found Curtis guilty of driving while under the influence. Curtis appealed to the district court arguing that the magistrate judge erred in refusing Curtis's request that the magistrate judge instruct the jury on inattentive driving as an included offense of driving under the influence.

The district judge reversed the decision of the magistrate judge refusing to instruct the jury regarding the offense of inattentive driving. The district judge ruled that "[i]f requested by a party and supported by the evidence, trial courts are required by I.C. § 19–2132(b) to instruct on the requested included offense or offenses." The district court ruled that inattentive driving was an included offense of driving under the influence in this case since the evidence indicated that the driving activities of Curtis would reasonably support a jury verdict of inattentive driving.

The State appealed to this Court. The Idaho Court of Appeals heard oral argument and affirmed the judgment of conviction for driving under the influence. *State v. Curtis,* 944 P.2d 122 (App.1996). Curtis filed a petition for review before this Court. On January 30, 1997, this Court granted review.

## II.

### STANDARD OF REVIEW

■ On review from the Court of Appeals this Court values the decision of the Court of Appeals. *State v. Roberts,* 129 Idaho 194, 197, 923 P.2d 439, 442 (1996). While this Court gives serious consideration to the views of the Court of Appeals, this Court reviews the decision of the trial court directly. *Id.*

The determination of whether a particular crime is an included offense of the crime charged involves a question of law over which this Court exercises free review. *See State v. Thompson,* 101 Idaho 430, 614 P.2d 970 (1980).

## III.

### INATTENTIVE DRIVING WAS NOT AN INCLUDED OFFENSE OF DRIVING UNDER THE INFLUENCE

The State argues that inattentive driving was not a lesser included offense of the charge of driving under the influence in this case. We agree.

Curtis was charged with and convicted of the crime of operating a vehicle while under the influence of an alcoholic beverage, I.C. § 18–8004. Curtis argues that the magistrate judge erred in refusing to instruct the jury on the offense of inattentive driving. Curtis urges this Court to follow the holding in *State v. Boyenger,* 95 Idaho 396, 509 P.2d 1317 (1973), and hold that based upon the evidence adduced at trial in this case, inattentive driving was a lesser included offense of operating a vehicle while under the influence of an alcoholic beverage.

Idaho Code § 19–2132 directs when a jury should be instructed regarding an included offense. Idaho Code § 19–2132 states:

(b) The court shall instruct the jury with respect to a lesser included offense if:

(1) Either party requests such an instruction; and

(2) There is a reasonable view of the evidence presented in the case that would support a finding that the defendant com-

---

1. The State subsequently moved to dismiss the driving without privileges charge for lack of evidence. The magistrate judge granted the State's motion.

mitted such lesser included offense but did not commit the greater offense.

I.C. § 19–2132(b) (Supp.1996). Idaho Code § 19–2312 provides when a defendant may be convicted of an included offense. Idaho Code § 19–2312 (1987) states:

> The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense.

■ There are two theories under which a particular offense may be determined to be a lesser included offense of a charged offense. Under the first theory, a court will determine whether a crime is a lesser included offense by first looking to the statute defining the crime and ascertaining if the matter urged as a lesser included offense is one that is necessarily included in that crime which is defined in the particular statute. This theory has been referred to as the "statutory theory."

In *Sivak v. State*, 112 Idaho 197, 731 P.2d 192 (1986), this Court held that under the statutory theory, an offense is not considered a lesser included offense of the charged offense unless it is necessarily so under the statutory definition of the charged offense. *Sivak*, 112 Idaho at 211, 731 P.2d at 206; *see also Thompson*, 101 Idaho at 433, 614 P.2d at 973. For an offense to be an included offense of a charged offense under the statutory theory, it must be impossible to commit the greater offense without having committed the lesser offense. *Thompson*, 101 Idaho at 433, 614 P.2d at 973.

■ Under the second theory a court will look to see if the information (complaint) charges the accused with a crime the proof of which necessarily includes the proof of the acts which constitute the lesser included offense. This theory is referred to as the "pleading theory." *Sivak*, 112 Idaho at 211, 731 P.2d at 206. Under the pleading theory "an offense is an included offense if it is alleged in the information as a means or element of the commission of the higher offense." *Sivak*, 112 Idaho at 211, 731 P.2d at 206 (quoting *State v. Anderson*, 82 Idaho 293, 301, 352 P.2d 972, 977 (1960)); *see also State v. Cariaga*, 95 Idaho 900, 902, 523 P.2d 32, 34

(1974) (holding that an included offense is an offense the essential elements of which are charged in the information as the manner or means by which the greater offense was committed); *State v. Hall*, 88 Idaho 117, 122–23, 397 P.2d 261, 263–64 (1964) (determining the lesser offense was alleged in the information as the means by which the greater offense was committed and thus was a lesser included offense under *Anderson*); *State v. Missenberger*, 86 Idaho 321, 322–24, 386 P.2d 559, 559–61 (1963) (affirming judgment of conviction on lesser included offense since lesser offense was alleged in the information as the manner or means by which the greater offense was committed); *In re McLeod*, 23 Idaho 257, 268–69, 128 P. 1106, 1110 (1913) (reversing conviction on lesser offense and holding that since information contained no allegation that the lesser offense was the manner or means of the commission of the greater offense the lesser offense was not an included offense). If the first prong of the pleading theory has been met then the trial court must determine whether a reasonable view of the evidence would support a giving of an instruction on the requested lesser included offense. We hold that the second prong of the pleading theory, the evidentiary examination, cannot replace satisfying either the pleading or statutory theories.

Driving under the influence occurs when a "person who is under the influence of alcohol, drugs or any other intoxicating substances, or who has an alcohol concentration of 0.10" drives or is "in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon a public or private property open to the public." I.C. § 18–8004(1)(a) (Supp.1996).

Inattentive driving is defined as an included offense of reckless driving. Reckless driving occurs when a person "drives or is in actual physical control of any vehicle upon a highway, or upon public or private property open to public use, carelessly and heedlessly or without due caution and circumspection, and at a speed or in a manner as to endanger or be likely to endanger any person or property," or "passes when there is a line in his lane indicating a sight distance restriction...." I.C. § 49–1401(1) (1994). Idaho Code § 49–1401(3) states:

Inattentive driving shall be considered a lesser offense than reckless driving and shall be applicable in those circumstances where the conduct of the operator has been inattentive, careless or imprudent, in light of the circumstances then existing, rather than heedless or wanton, or in those cases where the danger to persons or property by the motor vehicle operator's conduct is slight.

Curtis points to the testimony during Curtis's jury trial as indicating the manner and means by which the offense of driving under the influence was allegedly committed. Curtis argues that the testimony at trial contained every essential element of the crime of inattentive driving and therefore the magistrate judge erred in ruling inattentive driving was not an included offense of driving under the influence in this case.

■ While the police officer who arrested Curtis testified that the vehicle Curtis was operating was weaving on the roadway, the charge against Curtis does not contain any language indicating that the weaving manner in which Curtis was allegedly driving was the manner and means by which Curtis violated I.C. § 18–8004. Curtis has failed to satisfy the first prong of the pleading theory.

Curtis has conceded that under the statutory theory inattentive driving is not a lesser included offense of driving under the influence, I.C. § 18–8004. We hold that under the pleading theory inattentive driving is not a lesser included offense of driving under the influence, I.C. § 18–8004, in this case.[2]

## IV.

### CONCLUSION

The judgment of conviction for driving under the influence, I.C. § 18–8004, is affirmed.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.

2. To the extent the holding in *Boyenger* is inconsistent with the holding in this case we overrule