946 P.2d 628

STATE of Idaho, Plaintiff–Respondent–Cross Appellant,

v.

Brian ROSENCRANTZ, Defendant–Appellant–Cross Respondent.

No. 23563.

Supreme Court of Idaho,
Caldwell, April 1997 Term.

Aug. 27, 1997.

Rehearing Denied Nov. 24, 1997.

John A. Olson, Twin Falls County Public Defender, for appellant.

Alan G. Lance, Attorney General; G. Richard Bevan, Special Deputy Attorney General, argued, Twin Falls, for respondent.

McDEVITT, Justice.

The appellant, Brian Keith Rosencrantz (Rosencrantz), was convicted of two counts of aggravated driving while under the influence of alcohol pursuant to I.C. § 18–8006. Rosencrantz argues on review from the Idaho Court of Appeals that the district judge committed reversible error by failing to instruct the jury on the offenses of fleeing or at-

tempting to elude a peace officer and reckless driving.

## I.

### FACTS AND PRIOR PROCEEDINGS

Rosencrantz was charged with two counts of aggravated driving while under the influence of alcohol, I.C. § 18–8006.[1] A jury returned a verdict of guilty on both counts, and the district judge sentenced Rosencrantz to a five year commitment to the Idaho State Board of Corrections for each count, serving a minimum of two years in custody for each count, providing that each count would run concurrently.

Rosencrantz filed a motion for a new trial pursuant to I.C.R. 34. The district judge denied Rosencrantz's motion for a new trial, and Rosencrantz appealed to the Idaho Supreme Court. The State cross-appealed to the Idaho Supreme Court.

The Idaho Court of Appeals heard oral argument and affirmed the judgment of conviction on two counts of aggravated driving while under the influence of alcohol. *State v. Rosencrantz*, 96.23 ICAR 1081 (1996). Rosencrantz filed a petition for review with the Idaho Supreme Court. On January 30, 1997, the Idaho Supreme Court granted review.

## II.

### STANDARD OF REVIEW

■ On review from the Court of Appeals this Court values the decision of the Court of Appeals. *State v. Roberts*, 129 Idaho 194, 197, 923 P.2d 439, 442 (1996), cert. denied, —— U.S. ——, 117 S.Ct. 964, 136 L.Ed.2d 849 (1997). While this Court gives serious consideration to the views of the Court of Appeals, this Court reviews the decision of the trial court directly. *Id.*

1. Count I and II stated:
   That the defendant, BRIAN KEITH ROSENCRANTZ, on or about the 4th day of June 1993, in the County of Twin Falls, State of Idaho, did drive a motor vehicle, to-wit: a 1992 Chevrolet Camero, on or at the intersection of Washington and Filer streets, City of Twin Falls, while under the influence of alcohol or, in the alternative, did drive the above described motor vehicle at the above described location, with an alcohol concentration of .10 percent or more, to-wit: .12% as shown by an analysis of his blood and did thereby cause great bodily harm and/or permanent disability and/or permanent disfigurement to a person, other than himself, to-wit: ..., in violation of Idaho Code Section 18–8006.

■ The determination of whether a particular crime is an included offense of the crime charged involves a question of law over which this Court exercises free review. *See State v. Thompson*, 101 Idaho 430, 614 P.2d 970 (1980).

## III.

### FLEEING OR ATTEMPTING TO ELUDE A PEACE OFFICER AND RECKLESS DRIVING WERE NOT INCLUDED OFFENSES OF AGGRAVATED DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL

■ The State argues that fleeing or attempting to elude a peace officer and reckless driving were not lesser included offenses of the charge of aggravated driving while under the influence of alcohol in this case. We agree.

Rosencrantz argues that the district judge erred in refusing to instruct the jury on the offenses of fleeing or attempting to elude a peace officer and reckless driving. Rosencrantz urges this Court to follow the holding in *State v. Boyenger*, 95 Idaho 396, 509 P.2d 1317 (1973), and conclude that based upon the evidence adduced at trial, fleeing or attempting to elude a peace officer and reckless driving were lesser included offenses of aggravated driving while under the influence of alcohol.

In *State v. Curtis*, 130 Idaho 522, 944 P.2d 119 (1997), we recently set forth the two theories under which a particular offense may be determined to be a lesser included offense of a charged offense.

Aggravated driving while under the influence of alcohol occurs when a person causes "great bodily harm, permanent disability or permanent disfigurement to any person other than himself [or herself] in committing a violation of the provisions of section 18–8004(1)(a). . . ." I.C. § 18–8006(1) (Supp. 1996). Under I.C. § 18–8004(1)(a) driving under the influence occurs when a "person who is under the influence of alcohol, drugs or any other intoxicating substances, or who has an alcohol concentration of 0.10" drives or is "in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public." I.C. § 18–8004(1)(a) (Supp.1996).

At the time Rosencrantz was arrested, the offense of fleeing or attempting to elude a peace officer was defined as "[a]ny driver of a motor vehicle who wilfully flees or attempts to elude a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop. . . ." I.C. § 49–1404(1) (Supp. 1992). Reckless driving occurs when a person "drives or is in actual physical control of any vehicle upon a highway, or upon public or private property open to public use, carelessly and heedlessly or without due caution and circumspection, and at a speed or in a manner as to endanger or be likely to endanger any person or property," or "passes when there is a line in his lane indicating a sight distance restriction. . . ." I.C. § 49–1401(1) (1994).

Rosencrantz argues that there was testimony indicating that an officer attempted to pull Rosencrantz over with his overhead lights and siren and that Rosencrantz attempted to elude the officer. Rosencrantz contends that the evidence adduced at trial demonstrated that Rosencrantz was the driver of a motor vehicle, on a public road, Rosencrantz drove in excess of 60 m.p.h. over the speed limit, Rosencrantz ran a stop sign without even slowing his speed, Rosencrantz was unable to stop for a red light, and that Rosencrantz thereby endangered persons and property.

As in *Curtis*, the charges against Rosencrantz, set forth in the information, do not contain any language indicating that Rosencrantz's efforts to elude an officer and recklessly drive his vehicle were the manner and means by which Rosencrantz violated I.C. §§ 18–8006, aggravated driving under the influence of alcohol. Rosencrantz has failed to satisfy the first prong of the pleading theory.

Rosencrantz does not contend that under the statutory theory fleeing or attempting to elude a peace officer and reckless driving were lesser included offenses of aggravated driving while under the influence of alcohol. We hold that the offenses of fleeing or attempting to elude a peace officer and reckless driving were not lesser included offenses of aggravated driving while under the influence of alcohol, I.C. § 18–8006, in this case.

## IV.

**THE DISTRICT JUDGE DID NOT ABUSE HIS DISCRETION IN PREVENTING ROSENCRANTZ FROM PRESENTING EVIDENCE REGARDING THE ARRESTING OFFICER'S DRIVING CONDUCT AND DECISION MAKING PROCESS**

The district judge did not abuse his discretion in refusing to allow Rosencrantz to introduce evidence regarding the pursuing officer's driving. The evidence supports the district judge's finding that the officer's alleged driving violations were not relevant to the material facts in this case.

## V.

### CONCLUSION

The judgment of conviction is affirmed. Based upon our holding, we do not address the issue raised by the State in its cross-appeal.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.