955 P.2d 603

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Charles D. MILLER, Defendant–Appellant.**

No. 23052.

Court of Appeals of Idaho.

Dec. 22, 1997.

Review Denied May 29, 1998.

Aherin, Rice & Anegon, Lewiston, for defendant-appellant. Anthony C. Anegon argued.

Alan G. Lance, Attorney General, John C. McKinney, Deputy Attorney General (argued), Boise, for plaintiff-respondent.

PERRY, Judge.

This is an appeal from a judgment of conviction and sentence for felony eluding a

police officer, I.C. § 49–1404, and a sentence enhancement for being a persistent violator, I.C. § 19–2514. We affirm.

## I.

## FACTS AND PROCEDURE

Charles D. Miller was leaving a trailer park in Lewiston in his blue Toyota when he encountered a police officer in his patrol car. The officer testified that the two vehicles met front bumper to front bumper at the entrance to the trailer park. According to the officer, he shined his spotlight at Miller and then Miller put his car in reverse and backed through the trailer park erratically. The officer testified that he turned on his siren and flashing lights and pursued Miller, but Miller exited the trailer park, corrected his car so he faced forward, and started down a main road. After Miller ran a stop sign, the officer quit his pursuit and returned to the trailer park.

Miller was charged with felony eluding a police officer and was alleged to be a persistent violator. On the second day of trial, the district court ordered that Miller be placed in locking leg restraints during the proceedings. Miller wore the leg restraints while testifying.

The jury found Miller guilty of felony eluding a police officer and of being a persistent violator. The district court entered a judgment of conviction and imposed a unified twenty-year sentence, with five years fixed. Miller appealed. Subsequently, Miller filed an I.C.R. 35 motion requesting a reduction in sentence. The district court denied Miller's Rule 35 motion without a hearing.

## II.

## DISCUSSION

Miller asserts six issues on appeal: (1) insufficient evidence was presented to prove the charge of eluding a police officer; (2) the district court erred when it refused to give jury instructions on the lesser included offenses of reckless driving and inattentive driving; (3) the district court erred when it admitted into evidence the judgments of conviction from two previous felonies because those convictions were obtained in violation of his constitutional rights; (4) the district court violated Miller's constitutional right to due process when it forced Miller to wear a locking leg brace without first giving him a hearing; (5) the district court abused its discretion by imposing an excessive and unreasonable sentence; and (6) the district court abused its discretion by denying Miller's Rule 35 motion for a reduction in sentence.

### A. Insufficient Evidence

Miller contends the state failed to provide sufficient evidence that he committed the offense of felony eluding a police officer. At the time Miller was charged, I.C. § 49–1404 read in part:

(1) Any driver of a motor vehicle who wilfully flees or attempts to elude a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. The signal given by a peace officer may be by emergency lights or siren. . . .

(2) An operator who violates the provisions of subsection (1) and while so doing:

. . . .

(c) Drives his vehicle in a manner as to endanger or likely to endanger the property of another or the person of another;

. . . .

. . . is guilty of a felony.

The state must prove, as an element to felony eluding a police officer, that the emergency lights or sirens used by the officer complied with I.C. § 49–623. *State v. Bedard,* 120 Idaho 869, 871, 820 P.2d 1226, 1228 (1991). Miller argues that there was insufficient evidence for the jury to conclude that the signal given by the police officer complied with I.C. § 49–623(3), which reads in pertinent part:

The exemptions granted to an authorized emergency or police vehicle shall apply when necessary to warn and to make use of an audible signal having a decibel rating of at least one hundred (100) at a distance of ten (10) feet and/or is displaying a flashing light visible in a 360 degree

arc at a distance of one thousand (1,000) feet under normal atmospheric conditions.

Miller asserts that the state failed to provide substantial, competent evidence that the emergency lights on the police vehicle complied with I.C. § 49–623. Miller bases his argument on the testimony of the pursuing officer because the officer could not say for sure which vehicle he drove on the night of the incident. Thus, Miller argues the state was unable to establish that the vehicle complied with the statute.

The state maintains that there was substantial competent evidence upon which the jury could rely to find the lights complied with the statute. The state also contends that even if there was insufficient evidence to prove the lights complied with the statute, there was sufficient evidence to prove the sirens met statutory specifications.

■ Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App. 1991); *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *Decker*, 108 Idaho at 684, 701 P.2d at 304. Moreover, we will consider the evidence in the light most favorable to the prosecution. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *Decker*, 108 Idaho at 684, 701 P.2d at 304.

The officer testified that the police department's standard procedure required him to check the lights before the beginning of each shift. Although he did not stand one thousand feet from the vehicle to make sure it complied with I.C. § 49–623 on the night in question, he testified that he had since con-

ducted the statutory test on Unit 131, the unit he typically drove, and Unit 131 met the statutory specifications. The equipment services manager for the city of Lewiston testified that all of the police vehicles in Lewiston have the same light bars and that those light bars meet the statutory specifications. The officer's testimony, coupled with that of the Lewiston equipment services manager, provided substantial competent evidence upon which the jury could rely in finding that the lights complied with the statute.[1]

## B. Locking Leg Restraints

■ Miller contends that the district court violated his constitutional right to due process when it ordered him to wear locking leg restraints without first giving him a hearing. Miller filed a motion requesting a new trial pursuant to I.C.R. 34, but the district court denied the motion after a hearing. Miller contends the jury saw the leg restraints when he testified and that the jury was prejudiced thereby. The Nez Perce County Jail Administrator testified at the hearing that the leg restraints extended from mid-thigh to ankle and were worn under Miller's clothing.

■ Under Idaho Criminal Rule 34, a motion for a new trial can be granted to a defendant if it is in the interests of justice. Whether the interests of justice are met in the circumstances of a particular case is a question directed to the sound discretion of the trial court. *State v. Scroggins*, 110 Idaho 380, 384, 716 P.2d 1152, 1156 (1985). When a trial court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Here, the legal standard at issue is a constitutional right to due process. This is a question of law, over which we exercise free review.

1. Because we have concluded that the emergency lights complied with the statute, it is unneces-

sary for us to address the question whether the sirens complied with the statute.

*State v. O'Neill,* 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

 The right to a fair trial is a fundamental right secured to us by the Fourteenth Amendment to the United States Constitution. *Drope v. Missouri,* 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975). The presumption of innocence is a basic component of a fair trial under our system of criminal justice. *Estelle v. Williams,* 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976). Courts must be alert to factors that may undermine the fairness of the fact-finding process. In conducting a criminal trial, a court must carefully guard against dilution of the principle that guilt is to be established by probative evidence beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). The probability that fundamental rights could be impaired calls for close judicial scrutiny. *Estes v. Texas,* 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965). "Courts must do the best they can to evaluate the likely effects of a particular procedure, based on reason, principle, and common human experience." *Estelle,* 425 U.S. at 504, 96 S.Ct. at 1693.

 Idaho Code Section 19–108 expressly prohibits "any more restraint than is necessary" in order to detain the defendant to answer his or her charges. The United States Supreme Court has upheld the practice of using shackles as a means of controlling a disruptive defendant, even though the sight of shackles and gags could have a significant effect on the jury's response to the defendant. *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). If the defendant is tried while restrained, it is because overriding concerns for safety and judicial decorum predominate. *State v. Hyde,* 127 Idaho 140, 147, 898 P.2d 71, 78 (Ct.App. 1995), *citing State v. Crawford,* 99 Idaho 87, 96, 577 P.2d 1135, 1144 (1978). The use of a restraint is reversible error if the trial judge fails to make a finding that the restraint is necessary. *Hyde,* 127 Idaho at 147, 898 P.2d at 78, *citing Crawford,* 99 Idaho at 96, 577 P.2d at 1144. It is axiomatic, however, that in order for the defendant to assert that he or she was prejudiced by the restraints,

there must be some evidence that the jury saw the restraints and thereby drew a conclusion regarding the defendant's character. In Miller's case, the district court found that the jury could not see the leg restraints, stating: "First, the device used in [Miller's] case was not visible. [The locking leg restraints were] worn under Mr. Miller's street clothing. And this Court has been presented with no evidence that other persons saw that device." The record presented supports the district court's determination. Therefore, because the jury did not see the locking leg restraints, Miller was not prejudiced by the presence of the restraints. We conclude that Miller has failed to establish that his right to due process was violated.

**C. Lesser Included Offenses**

 Miller contends that I.C. § 19–2132(b) required the district court to give jury instructions on the lesser included offenses of reckless driving and inattentive driving. Miller believes that the district court's failure to give these instructions constitutes reversible error. The state concedes that both reckless driving and inattentive driving are lesser included offenses of eluding a police officer. However, the state asserts that any error in the district court's failure to give the instructions was harmless because the district court gave an acquittal first instruction pursuant to I.C. § 19–2132(c).

 An error will be regarded as harmless if we find beyond a reasonable doubt that the jury would have reached the same result, regardless of the error. *State v. Hudson,* 129 Idaho 478, 480, 927 P.2d 451, 453 (Ct.App.1996). When the error concerns the omission of an instruction on an included offense, we look to see whether the verdict indicates that the result would not have been different had the instruction been given. *Id.* Idaho Code Section 19–2132(c) provides:

If a lesser included offense is submitted to the jury for consideration, the court shall instruct the jury that it may not consider the lesser included offense unless it has first considered each of the greater offenses within which it is included, and

has concluded in its deliberations that the defendant is not guilty of each of such greater offenses.

This section has become known as the acquittal first requirement of the Idaho Code. If an acquittal first instruction is presented to the jury, the jury should consider the lesser included offenses only if the jury unanimously finds the defendant not guilty of the greater offense. *Hudson*, 129 Idaho at 480–81, 927 P.2d at 453–54. Here, the district court provided the jury with an acquittal first instruction:

> So, if the jury should unanimously find the defendant not guilty of the crime of ELUDING, I.C. § 49–1404(2), a felony, then the jury must proceed to determine the guilt or innocence of the accused as to any offense which is necessarily included in the crime of ELUDING, I.C. § 49–1404(2)
>
> The crime of ELUDING, I.C. § 49–1404(2), a felony, includes the following offense:
>
> 1. Eluding, I.C. § 49–1404(1), a misdemeanor.

If the district court had given the jury the lesser included instructions on reckless driving and inattentive driving, it would have also instructed the jurors, as it did above, that they must first unanimously acquit Miller of the greater offense of felony eluding a police officer before they could consider the lesser offenses. *Hudson*, 129 Idaho at 481, 927 P.2d at 454.

We presume the jury followed the instructions given by the district court. *Id.* Because the jury unanimously concluded that Miller committed the offense of felony eluding a police officer, the jury, under the acquittal first instruction, would have been foreclosed from considering the lesser included offenses. *Id.* Therefore, we conclude that any error in the district court's failure to give the lesser included instructions was harmless.

**D. Prior Convictions**

Miller was found by the jury to be a persistent violator, and his sentence was therefore enhanced, because of guilty pleas to two Washington felonies, burglary and escape. Miller contends that the introduc-

tion into evidence by the district court of the two judgments of conviction from Washington was error because the convictions were entered by the Washington courts in violation of his constitutional rights. Miller testified that he was never advised of his rights in those cases nor was he notified of the consequences of entering a guilty plea.

We first note that when reviewing a lower court's determination regarding a constitutional right, we accept the trial court's findings of fact if supported by substantial evidence; however, we freely review the court's application of constitutional requirements to the facts found. *State v. Hoffman*, 116 Idaho 689, 691, 778 P.2d 811, 813 (Ct. App.1989).

We must determine whether the Washington convictions could be used to enhance Miller's punishment under the persistent violator statute in Idaho, I.C. § 19–2514, which provides:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

The Idaho Supreme Court has set out the respective burdens for a constitutional challenge to the introduction of prior convictions. The state bears the burden of making a "prima facie showing of the validity of a prior conviction used to enhance a pending crime." *State v. Beloit*, 123 Idaho 36, 37, 844 P.2d 18, 19 (1992). This burden only requires that the state prove the existence of the convictions, with the judgments of conviction or other evidence. *State v. Coby*, 128 Idaho 90, 92, 910 P.2d 762, 764 (1996).

Once the state has met its burden, the defendant has the burden of coming forward with some evidence that the conviction was constitutionally defective. *Coby*, 128 Idaho at 92, 910 P.2d at 764. If the defendant raises a triable issue of fact that the defendant was not accorded all of his or

her rights on the previous convictions, the burden is then on the state to rebut the defendant's evidence and prove there were no constitutional infirmities. *Beloit*, 123 Idaho at 37, 844 P.2d at 19.

In this case the state presented judgments of conviction for the two prior felonies, which were sufficient to meet its prima facie burden. Miller then testified that he was not advised of his rights before he pled guilty to those felonies. This is the only evidence Miller presented, and the state did not rebut Miller's testimony. The district court, however, found Miller's testimony was not credible, and thus, was not sufficient to raise a triable issue of fact that his constitutional rights were violated in the prior convictions. The effect of this finding was that the district court then did not require the state to rebut Miller's evidence and show that there were no constitutional infirmities. Thus, the district court admitted the evidence of the convictions, and Miller's sentence was enhanced after the jury found him to be a persistent violator.

The issue before us then is whether the district court can completely discount Miller's uncontradicted testimony, and thereby relieve the state of its burden to rebut his testimony.

Initially, we must point out that the standard of appellate review of a trial court's findings of fact is well settled. Findings which are supported by substantial and competent, although conflicting, evidence will not be set aside on appeal. I.R.C.P. 52(a); *State v. Tierney*, 109 Idaho 474, 476, 708 P.2d 879, 881 (1985). Great deference must be accorded to the trial court's special opportunity to assess and weigh the credibility of the witnesses. *Id.* Generally, the question whether a witness is to be believed is a question for the fact finder. W.E. Shipley, Annotation, *Credibility of Witness Giving Uncontradicted Testimony as Matter for Court or Jury*, 62 A.L.R.2d 1191, 1194 (1958). This general rule should be applied even when the testimony of the witness is uncontradicted. *Id.* ("[T]here are a number of cases in which the courts have stated that this general rule is to be applied even though the testimony of the witness as to the point

in issue is uncontradicted, ... "); *see also* 81 AM. JUR. 2nd *Witnesses* § 1033 (1992) (While the fact finder is not warranted in arbitrarily or capriciously rejecting the testimony of a witness, neither is it required to accept and give effect to testimony which it finds to be unreliable, although it may be uncontradicted.). In Idaho we have determined that uncontradicted testimony of a credible witness must be accepted by the trier of fact unless the testimony is inherently improbable or impeached in some way. *Casey v. Sevy*, 129 Idaho 13, 19, 921 P.2d 190, 196 (Ct.App.1996). Therefore, if the trier of fact finds that the witness is not credible, the witness' testimony need not be accepted.

Miller admitted at trial that he was represented by counsel in each of the prior felonies from Washington, which he claims were constitutionally defective. On the Washington judgments of conviction, counsel for Miller signed the documents, below the signature of the judge, thereby approving the form and content of the judgments. Although Miller was represented by an attorney, was present in open court and his attorney approved of the form of the judgments, Miller claims now that he was not apprised of his rights and the consequences of entering a guilty plea. Taking these facts into consideration, the district court found Miller's testimony was not credible and admitted the judgments into evidence. Without further guidance from our Supreme Court as to what circumstances shift the burden from the defendant back to the state, we accept the district court's finding in this case as supported by the evidence presented to it. Therefore, we conclude that the state did not need to rebut Miller's testimony. The state only had to produce prima facie evidence that Miller was convicted of the prior felonies—which the state produced in the form of the judgments of conviction. The district court did not err in admitting the prior convictions, and Miller's constitutional rights were not violated.

### E. Sentence Review

Miller contends that his sentence, a unified twenty years with five years fixed, was excessive. Miller argues that the crime

was nonviolent and did not deserve such a harsh penalty. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Miller contends that the goal of protecting society would not be accomplished by the sentence in his case because the crime was nonviolent and his car did not exceed 30 mph. However, the district court determined otherwise. The district court considered the presentence investigation (PSI) report and noted the seriousness of Miller's past criminal activity.[2] The district court noted that Miller had been convicted of first degree murder and that his past criminal activity showed a disregard for the law and lawful authority. The district court informed Miller that he was going to prison because he was a danger to society. In light of Miller's history and because Miller has failed to provide us with the PSI report, we conclude that the district court did not abuse its discretion.

## F. Rule 35

Miller wrote a letter to the district court requesting a reduction in sentence pursuant to Rule 35. In the letter, Miller requested that the district court show leniency because his family had suffered mentally and financially; he remained free of any disciplinary offenses while incarcerated; he tried to get drug and alcohol counseling; he could only obtain good psychiatric help on probation; he intended to start a belt buckle business; and the nature of the crime was nonviolent. The district court denied Miller's motion without a hearing.

An order denying a motion for reduction of a sentence under Rule 35 is reviewed for an abuse of discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well-established. *See State v. Hernandez,* 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991); *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). If the sentence is not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his or her motion for reduction. *Hernandez,* 121 Idaho at 117, 822 P.2d at 1014.

Initially, we recognize that most of Miller's contentions would have been considered by the district court at the initial sentencing, and we concluded above that the sentence originally imposed was not an abuse of the district court's discretion. Although it is admirable that Miller has remained free of any disciplinary action during his incarceration and has attempted to obtain drug and alcohol counseling, but we cannot find that this new information has shown that the original sentence is excessive. Therefore, we conclude that the district court did not abuse its discretion when it denied Miller's Rule 35 motion without a hearing.

---

2. Miller has not provided us with a copy of the PSI report in the record on appeal. It is the responsibility of the appellant to provide a sufficient record to substantiate his claims on appeal. *State v. Murinko,* 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct.App.1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason,* 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct.App.1991).

## III.

### CONCLUSION

We conclude that there was sufficient evidence to support the jury's verdict that Miller committed the crime of felony eluding a police officer. We determine that Miller failed to establish that his right to due process was violated. Any error committed by the district court by not giving instructions on the lesser included offenses was harmless under the acquittal first requirement. We hold that the district court did not err in allowing the jury to consider Miller's prior convictions to find him guilty of being a persistent violator because Miller failed to present credible evidence that those convictions were obtained in violation of his constitutional rights. Finally, we cannot conclude that the original sentence was excessive, and the district court did not abuse its discretion in denying Miller's Rule 35 motion for a reduction in sentence. Therefore, we affirm Miller's judgment of conviction and sentence.

CAREY, J. Pro Tem., concurs.

LANSING, Chief Judge, specially concurring.

I write separately with respect to Section II(C) of the Court's opinion. In *State v. Curtis*, 130 Idaho 525, 944 P.2d 122 (Ct.App. 1996), and *State v. Rosencrantz* (Ct. App. No. 21848, slip op. November 8, 1996), I dissented from the majority's holding that an erroneous rejection of a lesser included offense instruction is inevitably harmless error if the jury finds the defendant guilty of a greater offense. The Idaho Supreme Court accepted review in *Curtis* and *Rosencrantz*, but did not reach this issue in either case. *State v. Curtis*, 130 Idaho 522, 944 P.2d 119 (1997); *State v. Rosencrantz*, 130 Idaho 666, 946 P.2d 628 (1997). Although I adhere to the view expressed in my dissents in *Curtis* and *Rosencrantz*, I am obligated by principles of *stare decisis* to follow the precedent set by the majority opinions in those cases unless and until the Idaho Supreme Court holds to the contrary. For that reason, I concur in

the foregoing opinion of the Court, including Section II(C).