84 P.3d 586

STATE of Idaho, Plaintiff–Respondent,

v.

Lonny Duane RAE, Defendant–Appellant.

No. 28229.

Court of Appeals of Idaho.

Jan. 23, 2004.

Edgar J. Steele, Sagle, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Lonny Duane Rae was charged with malicious harassment, a felony. After a jury

trial, he was acquitted of this charge, but found guilty of assault, as a lesser included offense of malicious harassment. Rae appeals from this judgment of conviction arguing, among several other matters, that assault is not a lesser included offense of malicious harassment. We agree and therefore vacate and remand.

# I.

## FACTUAL AND PROCEDURAL HISTORY

A playoff football game occurred between Council High School and another high school in October 2000. The officials for the game were not local to Council, but were assigned out of Boise. Council lost the game by a narrow margin. The Council fans evidently blamed the officials.

Kimberly Rae (Kimberly), a reporter for the local newspaper and wife of Lonny Rae, was assigned to cover the game. As part of that role, she was to take pictures of the event. After the game was over, the referees moved to the field house to change their clothes. Kimberly wanted a picture of them for her news article. She took one picture, but was told to stop by one of the referees, Kenneth Manley (Manley). Manley then attempted to take the camera from Kimberly. Kimberly gave a shout, and Rae came running over. The referees retreated inside the field house.

Shortly thereafter, Rae saw abrasions on Kimberly's neck which she had suffered from Manley attempting to take the camera. Rae got angry and went to the field house, yelling racial epithets and threatening bodily harm to Manley, who is a black man. As a result of this incident, Rae was charged with malicious harassment, in violation of I.C. § 18–7902. At trial, the court also instructed the jury on assault and disturbing the peace as lesser included offenses. A jury acquitted Rae of malicious harassment, but found him guilty of assault, I.C. § 18–901, as a lesser included offense. Having found guilt of assault, the jury did not make a finding on disturbing the peace. Rae appeals.

# II.

## ANALYSIS

On appeal, Rae raises numerous issues: (1) whether the district court erred by *sua sponte* instructing the jury on the lesser included offenses of assault and disturbing the peace; (2) whether the statute of limitations had expired on the misdemeanor lesser included offenses; (3) whether the original charge of malicious harassment should have been dismissed because the statute is unconstitutional; (4) whether the district court abused its discretion by denying Rae's motion for advancement of expert witness costs; (5) whether the court erred by refusing to give an instruction offered by Rae; (6) whether the jury verdict was supported by the evidence; and (7) whether the court abused its discretion by denying Rae *in forma pauperis* relief.

### A. Jury Instruction on Lesser Included Offenses

Rae argues that the district court erred in *sua sponte* instructing the jury on the lesser included offenses of assault and disturbing the peace, asserting that instruction on lesser included offenses may be done only at the request of the parties, not *sua sponte*. Additionally, Rae argues that the court erred in instructing on the crimes of assault and disturbing the peace because these are not lesser included offenses of malicious harassment, and that the statute of limitations had run on the misdemeanor included offenses and therefore the state was barred from prosecuting these crimes.

#### 1. *Sua sponte* instruction on lesser included offenses

■ Rae first argues that the court erred in instructing the jury on lesser included offenses where neither party had requested such instructions. This Court addressed a similar argument in *State v. Watts,* 131 Idaho 782, 784–85, 963 P.2d 1219, 1221–22 (Ct.App. 1998). The argument in *Watts* was that I.C. § 19–2132 prohibited the court from instructing on lesser included offenses. In pertinent part, I.C. § 19–2132 states:

(b) The court shall instruct the jury with respect to a lesser included offense if:

(1) Either party requests such an instruction; and

(2) There is a reasonable view of the evidence presented in the case that would support a finding that the defendant committed such lesser included offense but did not commit the greater offense.

This Court found Watts's argument to require imposition of the word "only" after "shall" in order to reach the result desired by Watts. This Court refused to interpret the statute in that manner, holding, "The plain language of I.C. § 19–2132 does not, however, restrain the trial court from instructing the jury on lesser included offenses when such instructions are warranted but are not requested by either party." *Watts,* 131 Idaho at 785, 963 P.2d at 1222.[1]

Rae does not ground his argument in I.C. § 19–2132, however. Rather, Rae argues that the principle of separation of powers prohibits the judicial branch from, essentially, charging a defendant with a new crime. *Watts* is instructive on this issue as well:

Our courts are not gambling halls but forums for the discovery of truth. Truth may lie neither with the defendant's protestation of innocence nor the prosecution's assertion that the defendant is guilty of the offense charged, but at a point between these two extremes: the evidence may show that the defendant is guilty of some intermediate offense included within, but lesser than, the crime charged. A trial court's failure to inform the jury of its option to find the defendant guilty of the lesser offense would impair the jury's truth ascertainment function. Consequently, neither the prosecution nor the defense should be allowed, based on their trial strategy, to preclude the jury from considering guilt of a lesser offense included in the crime charged. To permit this would force the jury to make an "all or nothing" choice between conviction of the crime charged or complete acquittal, thereby denying the jury the opportunity to decide whether the defendant is guilty of a lesser included offense established by the evidence.

*Id.* (quoting *People v. Barton,* 12 Cal.4th 186, 47 Cal.Rptr.2d 569, 906 P.2d 531, 536 (1995) (citations omitted)).

We read *Watts* as standing for the proposition that courts have inherent authority to instruct a jury on lesser included offenses, and such authority does not infringe upon the power of charging and prosecuting, which is reserved to the executive branch. Accordingly, the district court had authority to *sua sponte* instruct on lesser included offenses provided the giving of such instructions was reasonable based on the evidence presented.

**2. Assault as a lesser included offense**

■ Next, Rae argues that the court erred in instructing the jury on assault because it is not a lesser included offense of malicious harassment. Rae also appears to argue that instructing on assault violated due process because, without notice that an assault instruction would be given to the jury, he did not develop evidence that could have served as a defense to the charge of assault.

■ Whether a particular crime is a lesser included offense of the crime charged involves a question of law over which this Court exercises free review. *State v. Tribe,* 123 Idaho 721, 726, 852 P.2d 87, 92 (1993); *State v. Curtis,* 130 Idaho 525, 527, 944 P.2d 122, 124 (Ct.App.1996). There are two theories by which an offense may be deemed a lesser included offense of a greater offense: (1) the statutory theory; and (2) the pleading theory. *State v. Curtis,* 130 Idaho 522, 524, 944 P.2d 119, 121 (1997). Under the statutory theory, a crime may be a lesser included offense if its elements are necessarily included in the greater crime, as the greater crime is defined by statute. Under the pleading theory, a crime may be a lesser included offense if the charging document alleges facts the proof of which necessarily includes proof of the elements of the lesser included offense. *Id.*

---

1. However, a district court does not have a duty to *sua sponte* instruct the jury on a lesser included offense. *State v. Porter,* 130 Idaho 772, 787,

948 P.2d 127, 142 (1997) (citing *State v. Eastman,* 122 Idaho 87, 90, 831 P.2d 555, 558 (1992)).

Idaho Code § 18–7902 defines malicious harassment, in pertinent part, as follows:

> It shall be unlawful for any person, maliciously and with the specific intent to intimidate or harass another person because of that person's race, color, religion, ancestry, or national origin, to:
>
> (a) Cause physical injury to another person; or
>
> . . .
>
> (c) Threaten, by word or act, to do the acts prohibited if there is reasonable cause to believe that any of the acts described in subsections (a) and (b) of this section will occur.

Under statutory theory analysis, the elements for malicious harassment adapted to the facts of this case are: (1) a threat, made by word or act, to cause physical injury to Manley; (2) there is reasonable cause to believe that physical injury will occur; (3) such threat was made maliciously; (4) with the specific intent to intimidate or harass Manley; (5) because of Manley's race or color.[2]

The crime of assault in relevant part is defined by I.C. § 18–901(b) as:

> An intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.

Idaho Criminal Jury Instruction 1202 lists the elements of assault. As modified to our facts, such elements would be: (1) an intentional; (2) and unlawful; (3) threat, made by word or act, to do violence to Manley; (4) with apparent ability to do so; (5) and the doing of some act which created a well-founded fear in Manley that such violence was imminent.

Comparison of the elements of malicious harassment with the elements of assault, as described above, reflects an element in the assault crime that does not exist in the malicious harassment crime. An element needed to establish assault under I.C. § 18–901(b) is that there be a doing of some act which creates a well-founded fear in Manley that

such violence was imminent. This element is not found within the crime of malicious harassment. In particular, perceived imminence of violence by the victim is not required to convict someone under the malicious harassment statute. We therefore conclude that assault cannot be considered a lesser included offense of malicious harassment under the statutory theory.

Under the pleading theory, the Information must allege facts the proof of which necessarily include proof of the lesser included offense. The Information charged:

> That the Defendant, LONNY DUANE RAE, on or about October 27, 2000, in Adams County, Idaho, did maliciously and with the intent to intimidate or harass Kenneth Manley because of his race or color, threaten by word or act to cause physical injury to said Kenneth Manley and there was reasonable cause to believe that such physical injury would occur in violation of Idaho Code § 18–7902, MALICIOUS HARASSMENT, a Felony.

The Information does not allege that Rae did some act which created a well-founded fear in Manley that violence was imminent as is required to prove an assault under I.C. § 18–901(b). We therefore conclude in this instance that assault cannot be a lesser included offense of malicious harassment under the pleading theory. Because we have concluded that assault is not a lesser included offense of malicious harassment in this case, Rae's judgment of conviction for assault is vacated. Based on this determination, we do not address Rae's argument that he was deprived of notice of the assault prosecution nor do we need to address the issues relating to the district court's giving of a diminished capacity jury instruction or the issue of the sufficiency of the evidence to support the jury's verdict.

### 3. Disturbing the peace as a lesser included offense

■ Because we have vacated Rae's conviction for assault, we address Rae's argument that disturbing the peace is also not a lesser included offense of malicious harass-

---

**2.** There is no pattern jury instruction for malicious harassment.

ment. Idaho Code § 18–6409 defines disturbing the peace as:

> Every person who maliciously and wilfully disturbs the peace or quiet of any neighborhood, family or person, by loud or unusual noise, or by tumultuous or offensive conduct, or by threatening, traducing, quarreling, challenging to fight or fighting, or fires any gun or pistol, or uses any vulgar, profane or indecent language within the presence or hearing of children, in a loud and boisterous manner, is guilty of a misdemeanor.

The elements of disturbing the peace are:

(1) a malicious and willful disruption of the peace or quiet of any neighborhood, family or person;

(2) committed by:

   a. loud or unusual noise; or

   b. tumultuous or offensive conduct; or

   c. threatening, traducing, quarreling, challenging to fight or fighting; or

   d. firing any gun or pistol; or

   e. usage of any vulgar, profane or indecent language within the presence or hearing of children in a loud and boisterous manner.

*State v. Suiter,* 138 Idaho 13, 16, 56 P.3d 775, 778 (2002).

Under the pleading theory, Element 1 of disturbing the peace is partially incorporated in the Information because it charges Rae with acting maliciously and with intent, which is the equivalent of malicious and willful. *See State v. Hammersley,* 134 Idaho 816, 10 P.3d 1285 (2000). Element 1 is additionally satisfied because the Information alleges Rae's intent was "to intimidate or harass Kenneth Manley," which could constitute a disruption of Manley's peace and quiet. Element 2(c) is satisfied because the Information alleges Rae made a threat of physical injury to Manley, and this meets the alternate element of threatening, traducing, quarreling or challenging to fight. Under pleading theory therefore, disturbing the peace constitutes a lesser included offense of malicious harassment and we need not analyze under the statutory theory.

### 4. Statute of limitations for assault and disturbing the peace offenses

Rae further argues that the statute of limitations for both assault and disturbing the peace had run at the time the court instructed the jury, and therefore the prosecution of these crimes was barred. Assault and disturbing the peace are both misdemeanors. I.C. §§ 18–111; –902; –6409. A prosecution for any misdemeanor must be commenced by the filing of the complaint or the finding of an indictment within one (1) year after its commission. I.C. § 19–403. The event giving rise to this prosecution took place on or about October 27, 2000. An Information was filed on April 16, 2001, charging only malicious harassment. The jury was instructed on assault and disturbing the peace on December 18, 2001.

Rae argues that because the Information did not include the assault and disturbing the peace charges, and the jury was not instructed on them until December 18, 2001, which is almost two months beyond the restriction imposed by I.C. § 19–403, the charges are barred. We are not persuaded by this argument.

Accepting Rae's argument, where a single event gives rise to both a felony and a misdemeanor assault charge, the state is faced with two options: (1) charge the misdemeanor within the time limit of I.C. § 19–403, thereby triggering the defendant's speedy trial right and requiring any prosecution for the felony to adhere to the shortened time limit of I.C. § 19–403; or (2) adhere to the statute of limitations for the felony, *i.e.,* five-year statute of limitations under I.C. § 19–402, and forego the possibility of obtaining a conviction on the lesser included offense of misdemeanor assault. Neither result is rationally contemplated by Idaho law.

The doctrine of lesser included offenses necessarily recognizes that a prosecution commenced within the time limits required of the greater offense commences a prosecution for all lesser included offenses which may be brought before the jury.

It is well established that a jury properly may find a defendant guilty of an offense different from that charged in the Information *if* the offense is an offense

included in the crime charged. *See* I.C. § 19–2132. An "included offense" is one which is necessarily committed while committing the crime charged, or the essential elements of which are alleged as the manner or means by which the charged offense has been committed. *State v. McCormick,* 100 Idaho 111, 594 P.2d 149 (1979); *State v. Hall,* 86 Idaho 63, 383 P.2d 602 (1963); *State v. Croasdale,* 120 Idaho 18, 813 P.2d 357 (Ct.App.1991).

*State v. Colwell,* 124 Idaho 560, 564, 861 P.2d 1225, 1229 (Ct.App.1993); *See Watts,* 131 Idaho at 785, 963 P.2d at 1222. We therefore conclude that when a felony is charged, I.C. § 19–403 does not act as a bar to the jury being instructed on a misdemeanor lesser included offense.

### B. Other Claims

#### 1. Motion to dismiss prosecution

Before trial, Rae moved to dismiss the action against him, arguing that Idaho's malicious harassment statute is unconstitutional under both the United States and Idaho Constitutions. Specifically, Rae argues that the statute violates equal protection, is a content-based regulation of "fighting words," and is vague, overbroad and ambiguous. Idaho jurisprudence parallels that of the United States Supreme Court in identifying that the mootness doctrine applies not only when an issue is dead, but also when the appellant lacks a legally cognizable interest in the outcome because even a favorable decision would not result in relief. *Murphy v. Hunt,* 455 U.S. 478, 481–82, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982); *Bradshaw v. State,* 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Thus, mootness precludes appellate review on an issue that presents no justiciable controversy and where a judicial determination would have no practical effect on the outcome. *Idaho Sch. for Equal Educ. Opportunity v. Idaho State Bd. of Educ.,* 128 Idaho 276, 281, 912 P.2d 644, 649 (1996). Because the jury acquitted Rae of malicious harassment, Rae's constitutional claims are now moot.

#### 2. Denial of motions to advance costs and for *in forma pauperis* relief

Rae argues that the court abused its discretion by denying him advancement of costs for retention of investigators and experts. Specifically, Rae asserts that he should have been able to hire: (1) an investigator to ascertain evidence that his prosecution was politically motivated; (2) a psychiatrist who could consult with Rae and potentially provide expert testimony concerning his state of mind at the time of the conduct alleged by the state; and (3) both a sociologist and a qualified African–American expert who could provide expert testimony concerning the sociological acceptance and implications of use of the term "nigger."

It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko,* 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct.App.1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason,* 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct.App.1991). While this Court has before it the motion for advancement of costs and the transcript of the hearing, Rae rested on documents submitted to the court pursuant to the motion, but the record on appeal does not include those documents. Because of the lack of a proper record, we must presume the court acted properly, and we are unable to conclude the district court abused its discretion in denying the motion for advancement of costs.

The record on appeal also lacks Rae's motion for *in forma pauperis* relief and supporting affidavit. While the motion probably should have been part of the clerk's record, pursuant to I.A.R. 28(b)(2)(F), it was not included in the record. Pursuant to I.A.R. 29 Rae had 28 days in which to object to the clerk's record. Additionally, pursuant to I.A.R. 30, Rae could have moved for augmentation of the record. Rae neither objected to the record nor filed any motion for augmentation. Consequently, we do not have an adequate record for review, and we affirm the district court's denial of the motion for *in forma pauperis* relief.

#### 3. Attorney fees and costs on appeal

Rae requested attorney fees and costs on this appeal. Neither costs nor attorney fees are available against the state, absent an explicit statutory authorization.

*State v. Thompson,* 119 Idaho 67, 70, 803 P.2d 973, 976 (1989); *State v. Spurr,* 114 Idaho 277, 280, 755 P.2d 1315, 1318 (Ct.App. 1988). Rae has not directed this Court to any statutory authority which would allow this Court to award costs and/or attorney fees on appeal. *See* I.A.R. 41(a) and 35(a)(5). Therefore, Rae is not entitled to an award for costs or attorney fees on appeal.

## III.

### CONCLUSION

We conclude that assault is not a lesser included offense of malicious harassment. This determination, along with the jury's acquittal on the malicious harassment charge, rendered various issues moot. However, we conclude that, under the pleading theory, disturbing the peace in this case is a lesser included offense of malicious harassment. We affirm the denial of the motions to advance costs and for *in forma pauperis* relief because Rae failed to provide an adequate record for review. Accordingly, Rae's judgment of conviction for assault is vacated and the case remanded. Rae is not entitled to an award of costs or attorney fees on appeal.

Chief Judge LANSING and Judge PERRY concur.