**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35285**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2010 Opinion No. 36** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: May 26, 2010** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| JAMES COCHRAN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Jeff M. Brudie, District Judge.

Judgment of conviction for sexual abuse of a child under sixteen years, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

James Cochran appeals from his judgment of conviction for sexual abuse of a child under the age of sixteen years. Specifically, Cochran challenges the district court's order denying his motion for a new trial. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Cochran was charged with lewd conduct with a minor child under sixteen. I.C. § 18-1508. The thirteen-year-old victim testified at trial that Cochran had digitally penetrated her vagina while simultaneously fondling her breasts. The state requested a jury instruction on a lesser included offense of sexual abuse of a child under the age of sixteen years. I.C. § 18-1506. Cochran did not object to the instruction. The jury acquitted Cochran of lewd conduct, but found him guilty of sexual abuse of a child. Cochran filed a motion for a new trial arguing that it was error to instruct the jury on sexual abuse of a minor because it was not a lesser included offense

1

of lewd conduct. The district court denied Cochran's motion for a new trial and sentenced him to a unified term of fifteen years, with a minimum period of confinement of five years. Cochran appeals.

## II.

## ANALYSIS

Cochran argues that the district court erred by instructing the jury regarding sexual abuse of a child because it is not a lesser included offense of lewd conduct. The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2004). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

At common law, the prosecutor's charge of a specific crime is viewed as giving presumptive notice of any lesser included offense. *State v. Padilla*, 101 Idaho 713, 716, 620 P.2d 286, 289 (1980). Additionally, I.C. § 19-2132(b) states that the trial court shall instruct the jury with respect to lesser included offenses provided that either party requests such an instruction and there is a reasonable view of the evidence presented in the case that would support a finding that the defendant committed such lesser included offense but did not commit the greater offense. *See also* I.C.R. 31(c). The lesser included offense doctrine has survived due process scrutiny. *See State v. O'Neill*, 118 Idaho 244, 250, 796 P.2d 121, 127 (1990); *State v. Gilman*, 105 Idaho 891, 895, 673 P.2d 1085, 1089 (Ct. App. 1983). The district court did not, therefore, violate Cochran's due process rights if the charge of sexual abuse of a child was a lesser included offense of the lewd and lascivious conduct charge contained in the information.

Cochran argues that sexual abuse of a child is not a lesser included offense of lewd conduct because, he contends, the statute for sexual abuse of a child makes the two crimes mutually exclusive. Idaho Code Section 18-1506 defines sexual abuse of a child, in part, as "caus[ing] or hav[ing] sexual contact with such minor child, not amounting to lewd conduct as defined in section 18-1508, Idaho Code." The section defines "sexual contact" as "any physical contact between such minor child and any person, which is caused by the actor, or the actor causing such minor child to have self contact." Idaho Code Section 18-1508 provides, in pertinent part:

2

Any person who shall commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, *including but not limited to*, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve such minor child in any act of bestiality or sado-masochism . . . when any of such acts are done with the intent of arousing, appealing to, or gratifying the party, shall be guilty of a felony . . . .

(Emphasis added). Contrary to Cochran's argument, this Court has recognized that these two statutes are not mutually exclusive, but might actually prohibit overlapping kinds of contact due to the "included but not limited to" language. *State v. Drennon*, 126 Idaho 346, 354, 883 P.2d 704, 712 (Ct. App. 1994).

Whether a particular crime is a lesser included offense of the crime charged involves a question of law over which this Court exercises free review. *State v. Rae*, 139 Idaho 650, 653, 84 P.3d 586, 589 (Ct. App. 2004). There are two theories by which an offense may be deemed a lesser included offense--statutory theory and pleading theory. *Id.* Under the statutory theory, a crime may be a lesser included offense if its elements are necessarily included in the greater crime, as the greater crime is defined by statute. *Id.* Under the pleading theory, a crime may be a lesser included offense if the charging document alleges facts the proof of which necessarily includes proof of the elements of the lesser included offense. *Id.*

Under the statutory theory analysis, we must first determine the elements of the crime of sexual abuse of a child. Cochran draws a distinction between I.C. §§ 18-1506 and 18-1508 due to the exclusive language of I.C. § 18-1506(b). He contends that the inclusion of this added element disqualifies it as a lesser included offense of lewd conduct. However, we disagree that the inclusion of "not amounting to lewd conduct" constitutes an additional element of the crime of sexual abuse of a child. Were Cochran charged only under I.C. § 18-1506(b), the state would not have to prove beyond a reasonable doubt that Cochran's sexual contact with the victim did not amount to lewd conduct. In that case, the state would only need to prove that Cochran made the prohibited sexual contact with the requisite sexual intent. In this manner, the inclusion of the exclusive language amounts to an instruction as to the prosecutor's discretion in charging the offense rather than an element needed to be proved beyond a reasonable doubt in order to secure a conviction. Therefore, we conclude that the elements of I.C. § 18-1506(b) are: (1) sexual

3

contact, defined as *any* physical contact; (2) with a minor child under sixteen; and (3) with the intent to gratify the lust, passions, or sexual desire of the actor, minor child, or third party.

We next consider the elements of lewd conduct under I.C. § 18-1508. The elements of lewd conduct are: (1) a lewd and lascivious act; (2) upon the body or any part thereof; (3) of a minor child under sixteen; (4) with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the actor, the minor child, or a third party. The statute also provides a nonexclusive list of lewd and lascivious acts. We then must compare the elements of these two statutes to determine if a defendant necessarily commits the three elements of sexual abuse of a minor by committing lewd conduct. The elements providing the age of the victim and the requisite intent are redundant. It is also clear that a defendant who commits a lewd and lascivious act upon the body or *any part thereof* of a minor victim also has physical, sexual contact with the victim. Therefore, under the statutory theory, the crime of sexual abuse of a minor is a lesser included offense of lewd conduct.[1]

This analysis is dictated, in part, by our conclusion that the legislature did not intend to create two mutually exclusive statutes operating in a vacuum. Rather, in our view, these two statutes make it unlawful to perpetrate any physical contact with a minor child for sexual purposes. Idaho Code Section 18-1508 prohibits especially heinous forms of sexual touching that are subjected to greater punishment. In this sense, the difference between the two statutes is a matter of degree. This legislative approach is not uncommon and is analogous to Idaho's homicide statutes. Idaho Code Section 18-4003 defines the degrees of murder. Subsections (a) through (f) delineate certain depraved acts that are identified as first degree murder. Subsection (g) then provides that all other kinds of murder are of the second degree. Second degree murder, voluntary manslaughter, and involuntary manslaughter are commonly referred to as lesser included offenses of first degree murder despite the "exclusive" language contained in subsection (g). *See, e.g.*, *State v. Whipple*, 134 Idaho 498, 505, 5 P.3d 478, 485 (Ct. App. 2000).

Similarly, the legislature has criminalized all sexual contact between adults and minor children and from the broad range of possible sexual contact has identified certain actions which

---

[1] Our present analysis is limited to the use of sexual abuse of a minor as contained in I.C. § 18-1506(b) as a lesser included offense of lewd conduct. We do not analyze the use of sexual abuse of a minor as provided by I.C. § 18-1506(a) and (c) as a lesser included offense of lewd conduct.

rise to a greater degree of offense and warrant a more substantial punishment. Accordingly, the district court did not err by instructing the jury on sexual abuse of a child as a lesser included offense of lewd conduct. Because we find that sexual abuse of a child is a lesser included offense of lewd conduct under the statutory theory, we do not address whether it would be a lesser included offense under the pleading theory in this case.

## III.

## CONCLUSION

Sexual abuse of a child, as provided in I.C. § 18-1506(b), is a lesser included offense of lewd conduct, I.C. § 18-1508, under a statutory theory analysis. Therefore, the district court properly instructed the jury on the lesser included offense of sexual abuse of a child and did not err by denying Cochran's motion for a new trial. Accordingly, Cochran's judgment of conviction for sexual abuse of a child under the age of sixteen years is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**

5