J. JONES, J.,
dissenting.
I respectfully dissent from the Court’s opinion because I believe that sexual abuse of a child under I.C. § 18-1506 can be a lesser included offense of lewd and lascivious conduct under I.C. § 18-1508. Indeed, in State v. O’Neill, we stated, “Violation of I.C. § 18-1506 is a lesser included offense when an individual is charged with violations of I.C. § 18-1508. O’Neill was not being charged with a totally different crime, nor any acts different than those originally alleged.” 118 Idaho 244, 250, 796 P.2d 121, 127 (1990).
The Court’s opinion correctly states the legislative history pertaining to I.C. § 18-1508, but I disagree with the conclusions drawn therefrom. I.C. § 18-1506 was enacted in 1982 in order to cover a broad range of abusive activity directed toward children under the age of 16. Among other things, the statute was intended, as demonstrated in the short title, “to provide that any person, over age eighteen ... who has, or causes, sexual contact with [a child under age sixteen] shall be guilty of a felony.” 1982 Idaho Sess. Laws 192. In addition to cases involving actual physical contact with a child, the statute criminalized certain solicitation activities. It was designed to cover activities that might fall within the ambit of the lewd and lascivious conduct statute, I.C. § 18-1508, but which might not rise to that level. After all, what kind of contact with a child, intended to “gratify the lust, passions, or sexual desire” of either party, could there be that would not include the type of touching described in the lewd and lascivious conduct statute. The Legislature would have employed wording such as “not constituting of,” instead of using the words “not amounting to,” if it had intended that the two acts cover conduct that was separate and apart from one another. “[N]ot amounting to” indicates that the conduct is of a lesser grade than the lewd and lascivious conduct statute.[2]
A number of Idaho statutes employ the “not amounting to” language, including I.C. §§ 18-1505B, 18-1508A, 18-4006, 19-109, and 49-1406. The language is also used in Idaho Criminal Rule 23(b). In each instance, the purpose is to indicate a gradation of the offense or conduct. Both Idaho Code § 18-1505B (sexual abuse and exploitation of a vulnerable adult) and Idaho Code § 18-1509A (sexual battery of a minor child sixteen or seventeen years of age) criminalize *532 lewd and lascivious acts upon the respective category of victims, but include a catch all of sexual contact “not amounting to” the specified acts of lewd conduct. Idaho Code § 18-4006 provides for a gradation of vehicular manslaughter “not amounting to a felony.” Idaho Code § 19-109 deals with jury verdicts “in a criminal case not amounting to a felony.” Idaho Code § 49-1406 pertains to any traffic violation “not amounting to a misdemeanor.” Idaho Criminal Rule 23(b) pertains to “criminal eases not amounting to a felony.” In each instance, the “not amounting to” language is intended to indicate a gradation of the offense or conduct, rather than indicating a completely different category.
This Court recognized in the O’Neill case that section 18-1506 includes the same type of conduct as section 18-1508. That fact has also been recognized in the comments to' the Idaho Criminal Jury Instructions. The jury instruction for I.C. § 18-1506, I.C.J.I. 922, contains the following comment:
If this is not an included offense, then the words “not amounting to lewd conduct” should be deleted from element 3.
I.C. § 18-1506 is an included offense of I.C. § 18-1508. State v. O’Neill, 118 Idaho 244, 796 P.2d 121 (1990).
The comment to I.C.J.I. 929, the instruction for I.C. § 18-1508, states, “Violation of I.C. § 18-1506 is an included offense when an individual is charged with violation of I.C. § 18-1508.” These jury instructions were approved by Order of this Court, dated August 26, 2010, stating “the revised Idaho Criminal Jury Instructions are hereby adopted.” The Introduction and General Directions for Use of such instructions states, among other things, “it must be noted further that the law prevailing during the period of drafting is reflected in the instructions.”[3]
The Idaho Court of Appeals has also held that sexual abuse of a child is a lesser included offense of lewd and lascivious conduct under the statutory theory. State v. Cochran, 149 Idaho 688, 690, 239 P.3d 793, 795 (Ct.App.2010). In Cochran, the court identified the elements of sexual abuse as: “(1) sexual contact, defined as any physical contact; (2) with a minor child under sixteen; and (3) with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party.” Id. (emphasis in original). The elements of lewd conduct, the court stated, were redundant except that the act had to be “(1) a lewd and lascivious act; (2) upon the body or any part thereof,” rather than “any physical contact.” Thus, because “a defendant who commits a lewd and lascivious act upon the body [of a minor victim] or any part thereof’ also necessarily has “physical, sexual contact with the victim,” and the remaining elements are redundant, sexual abuse is a lesser included of lewd conduct. The court explained:
This analysis is dictated, in part, by our conclusion that the legislature did not intend to create two mutually exclusive statutes operating in a vacuum. Rather, in our view, these two statutes make it unlawful to perpetrate any physical contact with a minor child for sexual purposes .... the difference between the two statutes is a matter of degree.
Id. at 691, 239 P.3d at 796. The court cited its earlier ease, State v. Drennon, in which it similarly found that the two statutes are not mutually exclusive but, rather, could be read to prohibit “overlapping kinds of contact” due to the “included but not limited to” language. Id. at 690, 239 P.3d at 795 (citing State v. Drennon, 126 Idaho 346, 354, 883 P.2d 704, 712 (Ct.App.1994)).
Further, although sexual abuse of a minor must be perpetuated by someone over 18 years of age while the lewd contact statute contains no such requirement, this is not an element of the offense. Rather, it is a limitation of the status of the perpetrator. The age requirement likely exists in the sexual abuse statute so as not to cover situations where teenagers get involved in sex play. The rape statute, I.C. § 18-6101(1), contains *533 a similar age limitation, which was added in 2010. It should be noted that lewd conduct has been held by the Court of Appeals to be an included offense of statutory rape. State v. Gilman, 105 Idaho 891, 673 P.2d 1085 (Ct.App.1983). Therefore, the perpetrator age limitation presumably has no bearing on whether or not one offense is an included offense of the other.

. The more inclusive sexual abuse statute carried a maximum penalty of fifteen years’ imprisonment in 2004 (increased to twenty-five years in 2006), while the lewd conduct statute carries a sentence of up to life.

. Of interest, also, is I.C.J.I. 990, the jury instruction for I.C. § 18-I505B. The third element consists of three independent acts — a lewd or lascivious act, an act of bestiality or sado-masochism, or that the defendant "caused or had sexual contact with” the victim. The instruction does not use the "not amounting to” language stated in I.C. § 18-1505B(l)(c), which indicates an overlap between the sexual contact act and the lewd and lascivious act.