IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38203

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 426 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 30, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOBY LEE HANNER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Jefferson County. Hon. Gregory W. Moeller, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of four years, for leaving the scene of an injury accident, affirmed.

Thompson Smith Woolf & Anderson, PLLC; Stevan H. Thompson, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Joby Lee Hanner appeals from his judgment of conviction for leaving the scene of an injury accident. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Evidence at trial showed that at about 9:00 p.m. on April 7, 2010, Brenda Fullerton parked her white Dodge truck on the street in front of the post office in Ririe and went into the post office to pick up her mail. Fullerton checked her post office box, and as she walked back to her truck, she heard the "squealing of tires." Fullerton walked to the door of her truck, and when she looked up, she saw Hanner's truck coming at her. Instead of opening her door, she turned to run. However, after she took a couple of steps, the back-end of Hanner's truck hit her and

smashed her into her own truck. Hanner continued to drive off, with the tires of his truck still "burning," as Fullerton lay on the ground.

Fullerton suffered two broken ribs, four broken bones in her lower back, and massive soft tissue bruising. She was initially released from the hospital after three days, but two weeks later, she had to be re-hospitalized due to a pulmonary embolism.

There were two eye witnesses to the incident. Justin Mangis was at the Maverick store across the street from the post office that same evening and saw Hanner walk out of the Maverick store and get into his truck. Mangis then witnessed that Hanner "started squealing his tires right at the gas pump and headed out onto the road and when he was headed out lost kind of control and hit the lady, Brenda Fullerton." Justin testified that when Hanner's truck spun out of control, the back-end of the truck hit Fullerton as she turned to run away from her own truck.

Brandy Hayes was working as a cashier at the Maverick store at the time of the incident. She observed Hanner get into his truck and as he drove away "the tires just spun, like laid rubber on the pavement, and he spun out around the gas pump . . . and he fishtailed out of the parking lot and then out on the road . . . ." Brandy testified that when the rear-end of Hanner's truck swung back around toward the post office, she saw a white Dodge truck, parked in front of the post office, rock back and forth like it had been hit. Brandy wrote down the license plate number of Hanner's truck as it came around the corner.

It was determined the truck was registered to Hanner, whereupon an arrest warrant was issued for his arrest. Hanner was charged with leaving the scene of an injury accident, Idaho Code § 18-8007. After a jury trial, Hanner was convicted as charged. Hanner was sentenced to a unified term of five years, with four years determinate. Hanner timely appealed.

## II.

## ANALYSIS

### A. Sufficiency of the Evidence

Hanner argues on appeal that the jury's verdict finding him guilty of leaving the scene of an injury accident was not supported by adequate evidence. Hanner specifically claims the evidence failed to prove he knew, or had reason to know, that his vehicle hit and injured the victim.

An appellate court will not set aside a judgment of conviction entered upon a jury verdict if there is substantial evidence upon which a rational trier of fact could have found the essential

2

elements of the crime beyond a reasonable doubt. *State v. Sheahan*, 139 Idaho 267, 285, 77 P.3d 956, 974 (2003); *State v. Reyes*, 121 Idaho 570, 572, 826 P.2d 919, 921 (Ct. App. 1992). The appellate court will not substitute its view for that of the jury as to the credibility of the witness, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991); *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985).

Idaho Code § 18-8007 provides in relevant part:

> The driver of any vehicle that has been involved in an accident . . . who knows or has reason to know that said accident has resulted in injury to or death of any person shall: (a) immediately stop the vehicle at the scene of the accident . . . [and] (b) Remain at the scene of the accident until the driver has fulfilled all the requirements under this section.

Pursuant to statute, the relevant inquiry is limited to whether there is substantial evidence in the record supporting the jury's verdict that Hanner knew, or had reason to know, the accident resulted in injury or death of a person. I.C. § 18-8007.

Fullerton's account of the accident was as follows:

> I went in to get my mail and I got my mail and I came out and I heard this squealing of tires, and to me, I thought to myself there must be a 16-year-old kid that just got his dad's truck for the night and doesn't have to pay for these tires because he was just burning them as hard as he could and it scared me. I was like, wow, I'm getting out of here before that idiot gets on the road. And as fast as he was going, I thought there was no way he could come my direction and he would have been going the other way . . . so I was just hurrying to get into my truck.
>
> And I walked around the front of my truck and I got to my door and something said don't open that door, and I looked up and he's coming right at me and at first I was [sic] slow motion and it happened so fast and his headlights were right in my eyes, and I mean I was like, wow, and I didn't open my door, I turned to run and I took two steps and the back end of his truck struck me and just smashed me up against my truck, slid me across the front and flipped me up in the air and down on the ground and he's still burning his tires, just left and left me there laying on the ground.

More specifically, Fullerton testified that the headlights from Hanner's truck were "directly in my eyes," and explained, "If he didn't see me, he had his eyes shut. I couldn't see for [sic] light, that's how close he was to me." Hanner's trial counsel asked Fullerton to explain why she believed Hanner "knew he hit you," and she responded:

> Because anytime I'm driving anything in my lights, even a mouse that runs across the road, you can see it. You can't tell me that I seen four headlights in my eyes and he didn't see me. I find that so hard to believe.

Fullerton's testimony gave the jury substantial evidence that Hanner knew, or had reason to know, his truck had struck and injured her before he left the accident scene. Although Hanner did not admit he actually knew his truck hit and injured Fullerton, the testimony of the eye witnesses presented at trial provided substantial evidence whereby a jury could have reasonably concluded he knew, or had reason to know, Fullerton was hit and injured by his truck.

**B.      Jury Instruction on Lesser Included Offense**

Hanner claims the district court erred by failing to instruct the jury on the lesser included offense of reckless driving. An offense is deemed a lesser included offense of another greater offense if all the elements required to sustain a conviction of the lesser included offense are included within the elements of the greater offense or if in committing an offense one necessarily commits a second offense. *State v. Cariaga*, 95 Idaho 900, 902, 523 P.2d 32, 34 (1974). There are two theories by which an offense may be deemed a lesser included offense--statutory theory and pleading theory. *State v. Flegel*, 151 Idaho 525, 261 P.3d 519 (2011); *State v. Cochran*, 149 Idaho 688, 690, 239 P.3d 793, 795 (Ct. App. 2010).

Under the statutory theory, a crime may be a lesser included offense if its elements are necessarily included in the greater crime, as the greater crime is defined by statute. *Cochran*, 149 Idaho at 690, 239 P.3d at 795. *See also State v. Curtis*, 130 Idaho 522, 524, 944 P.2d 119, 121 (1997) ("For an offense to be an included offense of a charged offense under the statutory theory, it must be impossible to commit the greater offense without having committed the lesser offense.") The offense of leaving the scene of an injury accident can be committed without the driver of the vehicle involved in an accident having driven recklessly. Idaho Code § 18-8007 requires that the driver of any vehicle that has been involved in an accident who knows, or has reason to know, that said accident has resulted in injury to or death of any person to stop at the scene of the accident and remain until the driver has fulfilled all the requirements listed under the statutory provisions. I.C. § 18-8007(1)(a)-(e). Because there is no element of reckless (or even negligent) driving that must be proven in order to commit the crime of leaving the scene of an injury accident, reckless driving is not a lesser included offense of that crime under the statutory theory.

4

Under the pleading theory, an offense is an included offense if the State has pled the elements of the lesser included offense as the means whereby the defendant committed the greater offense. *Curtis*, 130 Idaho at 524, 944 P.2d at 121. The information in Hanner's case alleged that Hanner "was the driver of a vehicle involved in an accident at 110 West Ririe Highway, and willfully failed to stop, remain, give information, and render aid, knowing or having reason to know that a person was injured as a result of the accident." The information made no mention of any culpable driving, much less reckless driving. Hanner has failed to show the district court erred in denying his request to instruct the jury that reckless driving is a lesser included offense to the crime of leaving the scene of an injury accident.

## C.     Due Process Violation Based on Lost Evidence

For the first time on appeal, Hanner argues that his due process right to a fair trial was violated because the State recorded over the tape recording of his interview by Officer Williams. Generally, Idaho's appellate courts will not consider error not preserved for appeal through an objection at trial. *State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010) (citing *State v. Johnson*, 126 Idaho 892, 896, 894 P.2d 125, 129 (1995)). Nor will Idaho's appellate courts "review a trial court's alleged error on appeal unless the record discloses an adverse ruling which forms the basis for the assignment of error." *State v. Fisher*, 123 Idaho 481, 485, 849 P.2d 942, 946 (1993); *see also State v. Olson*, 138 Idaho 438, 442, 64 P.3d 967, 971 (Ct. App. 2003) (citing *State v. Barnett*, 133 Idaho 231, 235, 985 P.2d 111, 115 (1999)). We note that Hanner failed to make any objection on the record or file an appropriate motion upon learning that the tape recording of his interview with Officer Williams no longer existed because it was recorded over with other matters.

An exception to the principle that an objection to a constitutional violation must be made in the trial court exists if the alleged error is fundamental. *Perry*, 150 Idaho at 224, 245 P.3d at 976. The burden of demonstrating fundamental error rests squarely with the defendant asserting the error for the first time on appeal. *Id.* at 228, 245 P.3d at 980; *State v. Severson*, 147 Idaho 694, 716-17, 215 P.3d 414, 436-37 (2009). To carry that burden, a defendant claiming error for the first time on appeal must demonstrate that the error he alleges "(1) violates one or more of [his] unwaived constitutional rights; (2) plainly exists (without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision); and (3) was not harmless." *Perry*, 150 Idaho at 228, 245 P.3d

5

at 980. However, Hanner has not presented any argument on appeal that the recording-over of his taped interview constitutes fundamental error under the standards articulated in *Perry*. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

## D. Excessive Sentence

The district court imposed a sentence of five years, with four years determinate. Hanner argues this sentence was an abuse of the district court's discretion, contending he should have been permitted to enter a specialty court program. Hanner offers mitigating evidence in that he intended no harm to the victim, he had taken responsibility for his crime by turning himself in to law enforcement after he learned Fullerton had been injured, and he expressed extreme remorse for her injuries.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## III.
## CONCLUSION

We conclude the testimony presented at trial provided substantial evidence whereby a jury could have reasonably concluded Hanner knew, or had reason to know, that Fullerton was hit and injured by his truck. We also conclude the district court did not err in failing to instruct the jury on the lesser included offense of reckless driving. Because Hanner failed to present any argument on appeal that the recording-over of his taped interview with Officer Williams constituted fundamental error, the issue was waived. Further, we conclude the district court did not abuse its discretion in sentencing. Therefore, the judgment of conviction and sentence are affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**