**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30152 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00251-BLW-1 |
| v. | |
| JOSEPH RAYMOND HAYCOCK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued September 3, 2015
Seattle, Washington
Withdrawn from Submission September 21, 2015
Resubmitted June 10, 2016

Before: McKEOWN, GOULD, and N.R. SMITH, Circuit Judges.

Joseph Haycock pleaded guilty to unlawful possession of a firearm in

violation of 18 U.S.C. § 922(g). Haycock had previously pleaded guilty in Idaho

state court to sexual abuse of a child under the age of sixteen years in violation of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Idaho Code § 18-1506. At sentencing, the district court concluded that Haycock's state court conviction was for a crime of violence as defined in United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2(a) and accordingly determined a base offense level of 20 under U.S.S.G. § 2K2.1(a). The district court also imposed several conditions of supervised release related to Haycock's status as a sex offender. Haycock appeals his sentence and these conditions.

We have jurisdiction under 18 U.S.C. § 1291. We review de novo the district court's interpretation of the Sentencing Guidelines, *United States v. Alba-Flores*, 577 F.3d 1104, 1107 (9th Cir. 2009), and we review conditions of supervised release for an abuse of discretion, *United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010). We affirm in part, and vacate and remand in part.

Idaho Code § 18-1506 is both overbroad, as it prohibits conduct beyond the scope of the generic, federal crime, and divisible, as it includes subsections listing alternative offenses. It was thus not error for the district court to reference the state indictment to find that Haycock had been convicted of violating subsection 18-1506(1)(b). *See Medina-Lara v. Holder*, 771 F.3d 1106, 1112–13 (9th Cir. 2014) (where statute is overbroad and divisible, court may look to charging document to determine if underlying conviction matches generic, federal offense).

The district court erred, however, in concluding that subsection 18-1506(1)(b) matches the elements of the generic, federal offense. We have provided two definitions of the generic federal crime "sexual abuse of a minor." The definition relevant here "encompasses statutes where (1) the conduct proscribed is [ ] sexual; (2) the statute protects a minor; and (3) the statute requires abuse." *United States v. Gomez*, 757 F.3d 885, 904 (9th Cir. 2014) (internal quotations and citations omitted). Abuse is "physical or psychological harm in light of the age of the victim in question," and sexual contact with a victim under the age of fourteen is per se abusive. *Id.* (internal quotations and citations omitted). The Idaho Court of Appeals has explained that "the elements of I.C. § 18-1506(b) are: (1) sexual contact, defined as *any* physical contact; (2) with a minor child under sixteen; and (3) with the intent to gratify the lust, passions, or sexual desire of the actor, minor child, or third party." *State v. Cochran*, 239 P.3d 793, 795 (Idaho Ct. App. 2010). Because the statute does not "expressly include physical or psychological abuse of a minor as an element of the crime," and is "not limited to conduct targeting younger children," it is overbroad. *Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1015 (9th Cir. 2009). Accordingly, Haycock's state court conviction for sexual abuse of a minor was not categorically a crime of violence and should not have been used to

3

enhance his sentence. We vacate Haycock's sentence and remand for resentencing.[1]

The district court did not abuse its discretion in imposing conditions of supervised release related to Haycock's sex offender status because it took into consideration the 18 U.S.C. § 1335(a) factors, did not base the sentence on clearly erroneous facts, and adequately explained the sentence selected. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); *see also United States v. Bainbridge*, 746 F.3d 943, 952–53 (9th Cir. 2014) (district court did not abuse its discretion in requiring sexual deviance evaluation for a crime that did not constitute a sex offense in light of section 1335(a) factors). We affirm the conditions of supervised release.

AFFIRMED in part, VACATED in part, and REMANDED.

---

[1] The government withdrew its argument that Haycock's state conviction was an offense presenting a "serious potential risk of physical injury to another" under U.S.S.G. § 4B1.2(a)(2), and we need not reach this issue. On remand, the district court should reconsider its alternative conclusion that Haycock's state court conviction was for a crime of violence under section 4B1.2's residual clause, in light of the government's concession and superseding Supreme Court precedent established by *Johnson v. United States*, 135 S. Ct. 2551 (2015).